UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARRY GETER | : CIVIL ACTION NO. |
| Plaintiff, | : |
| VS. | : 3:02CV540 (RNC) |
| | : |
| GREATER BRIDGEPORT ADOLESCENT PREGNANCY PROGRAM, INC. | : |
| | : |
| Defendant. | : NOVEMBER 6, 2003 |

### OBJECTION TO PLAINTIFF'S MOTION FOR PERMISSION TO FILE AN ADDITIONAL AFFIDAVIT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant, Greater Bridgeport Adolescent Pregnancy Program, Inc. ("GBAPP"), hereby objects to the Plaintiff's Motion for Permission to File An Additional Affidavit In Opposition to Defendant's Motion for Summary Judgment, dated October 16, 2003. This is the Plaintiff's third attempt to include additional documents to his Memorandum in Opposition to the Defendant's Motion for Summary Judgment beyond the time limitations of the Federal and Local Rules of Civil Procedure. See Defendant's Objection dated September 13, 2003. Prior to filing his opposition memorandum, the Defendant's Motion for Summary Judgment had been pending for approximately five (5) months since February 10, 2003 without the Plaintiff's opposition memorandum. Moreover, the discovery period ended in this case on June 30, 2003, yet the Plaintiff impermissibly continues to file affidavits in opposition to the Defendant's Motion for Summary Judgment. As such, any further submissions by the Plaintiff will prejudice the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendant, will only cause further delay and prevent any resolution to the Court's ruling on the Defendant's Motion for Summary Judgment.

As more fully set forth in the Defendant's Motion to Strike dated August 25, 2003, the Plaintiff continues to file documents in connection with the Defendant's Motion for Summary Judgment beyond the time limits prescribed in the Federal and Local Rules of Civil Procedure, which are clearly based on inadmissible hearsay. See Defendant's Mem. In Support of Motion to Strike, pp. 4-5; Proposed Tonianette Mack Affidavit, ¶¶ 4-21. Moreover, the Plaintiff has failed to set forth any basis or excusable neglect for the Court to allow such additional information. As such, an order precluding the Plaintiff from filing any additional pleadings in connection with the Defendant's motion for summary judgment is appropriate. See Lee v. ITT Standard, WL 32087484 (W.D.D.Y. 2002)(magistrate judge's decision to strike late submitted affidavit in opposition to summary judgment was not clearly erroneous or contrary to law.)

The Plaintiff's request to file an additional affidavit is purportedly to respond to the issues raised by the Defendant's Reply Brief. Clearly, there is no procedure for the submission of additional documents following a reply brief. See D. Conn. L. Civ. R. 7(d). Moreover, the Plaintiff's proposed Affidavit attempts to raise new issues, which were not raised his opposition memorandum or the Reply Brief and are unsupported by any documentary evidence. See Proposed Affidavit, ¶¶ 4-21. In addition, this latest proposed affidavit is inappropriate as it attempts to raise issues not addressed in the Defendant's Motion for Summary Judgment in an attempt to create an issue of fact.

-2-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

"[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; its requirement is that there be no <u>genuine issue of material fact</u>." (emphasis added) <u>Dusanenko v. Maloney</u>, 726 F.2d 82, 84 (2d Cir. 1984); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986). The Plaintiff, therefore has exceeded the scope of the Federal and Local Rules of Civil Procedure and is attempting to introduce new information for consideration by the Court in connection with the Defendant's Motion for Summary Judgment. Any such proposed additions at this late stage would be prejudicial to the Defendant and must be denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

WHEREFORE, for all the above reasons, the Defendant respectfully requests the Court to deny the Plaintiff's Motion for Permission to File An Additional Affidavit In Opposition to Defendant's Motion for Summary Judgment, dated October 16, 2003, or in the alternative, allow the Defendant to submit a supplemental response responding to the new issues raised by the Plaintiff.

THE DEFENDANT:
GREATER BRIDGEPORT
ADOLESCENT PREGNANCY
PROGRAM, INC.

By_____
James M. Sconzo
Fed. Bar # ct 04571 and
Kevin R. Brady
Fed. Bar #ct22135 of
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## CERTIFICATION

This is to certify that on this 6th day of November, 2003, I hereby mailed a copy of the foregoing to:

Francis D. Burke, Esq.
MANGINES & BURKE, LLC
1115 Main Street, Suite 708
Bridgeport, CT 06604

Kevin R. Brady

482803.1(HSFP)

-4-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105