UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 12  A 9:09

U.S. DISTRICT COURT
HARTFORD, CT.

GARRY GETER,  :
    Plaintiff,  :
V.  :   CASE NO. 3:02cv00540(RNC)
GREATER BRIDGEPORT ADOLESCENT  :
PREGNANCY PROGRAM,  :
    Defendant.  :

RULING AND ORDER

Garry Geter brings this action against Greater Bridgeport Adolescent Pregnancy Program, his former employer, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60, et seq. Defendant has moved for summary judgment on all the claims. For the reasons stated below, defendant's motion is granted in part and denied in part.

I. Facts

The record, viewed most favorably to the plaintiff, would permit a reasonable juror to find the following facts.

Defendant, a nonprofit organization, funds its programs in aid of teenagers' health largely from grants. Defendant hired plaintiff in 1994. In August 2000, plaintiff was working for defendant as a Medicaid outreach specialist, a position funded by a grant from Bridgeport Hospital. On August 10, defendant's executive director, Rudy Feudo, notified plaintiff that his hours

would be reduced from 40 to 25 per week on October 1, six days after plaintiff's fiftieth birthday. Feudo stated that he had received a letter from Bridgeport Hospital on July 2 reducing the funding for plaintiff's position. Plaintiff then filed an internal grievance. On March 15, 2001, defendant's Board of Directors denied the grievance and Feudo notified plaintiff that he would be terminated effective March 30. Feudo's stated reason for the termination was that Bridgeport Hospital had informed him on March 12 that funding for plaintiff's position would be eliminated on March 30. Defendant had a policy permitting employees to bump others with less seniority, but did not offer Geter this opportunity.

Plaintiff was the third oldest employee after Feudo and a female. The female employee quit after Feudo told her in early- to mid-2000 that she had "earned the right to take things easy." Feudo made a similar comment to plaintiff, telling him "It's time to go, life isn't fair."

II. Discussion

Summary judgment may be granted only when the evidence, viewed fully and most favorably to the nonmovant, raises no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must review the record as a whole, credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences, and disregard all evidence favorable to the movant that a jury would not be required to believe, that is,

-2-

unless it comes from disinterested witnesses and is uncontradicted and unimpeached. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51 (2000). Granting summary judgment in a proper case conserves judicial and litigant resources because, if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law, a jury verdict in favor of the nonmovant would have to be set aside.[1]

A. Age Discrimination

Plaintiff claims that both the reduction in his hours and the subsequent termination of his employment were based on age discrimination in violation of the ADEA, ERISA and the CFEPA. His claim under the CFEPA is time-barred insofar as it is based on the reduction in his hours, making summary judgment on that part of the CFEPA claim appropriate. See Conn. Gen. Stat. § 46a-82(e). The rest of the claims are timely and must therefore be analyzed on the merits.

Discrimination claims under all three statutes are analyzed under the burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).[2] Applying that analysis, plaintiff's age discrimination claim, although

---

[1] Defendant contends that plaintiff's claims are barred by res judicata based on the rejection of his complaint by the Connecticut Commission on Human Rights and Opportunities. The fact that the complaint was rejected is insufficient to bar this action. See Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 106 (1991).

[2] Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001) (ADEA); Dister v. Continental Group, Inc., 859 F.2d 1108, 1112 (2d Cir. 1988) (ERISA); Wroblewski v. Lexington Gardens, Inc., 188 Conn. 44, 53 (1982) (CFEPA).

apparently weak, is not so lacking in evidentiary support as to justify dismissing it before trial.

Plaintiff's initial burden is to establish a prima facie case of discrimination. Defendant disputes whether the circumstances surrounding the hours reduction and termination support an inference of discrimination. Defendant's argument has some force, but the burden of establishing a prima facie case is "minimal." James v. New York Racing Ass'n, 233 F.3d 149, 153 (2d Cir. 2000). The facts recited above, taken as a whole, logically suggest that the reduction in hours and termination might have been motivated at least in part by plaintiff's age. To require plaintiff to show more in order to advance to the next step in the burden-shifting analysis would assign greater significance to the role of a prima facie case than the Second Circuit has been willing to approve to date.

Plaintiff's prima facie case gives rise to a presumption of discrimination that defendant can rebut by articulating a legitimate nondiscriminatory reason for its actions. Defendant has satisfied its burden of articulating such an explanation for both the hours reduction and termination. Defendant states that it reduced plaintiff's hours on being notified by Bridgeport Hospital that it was reducing funding for plaintiff's position, and terminated him on being notified that the position would no longer be funded. (Def.'s Mem. Exs. E, N.)

Proceeding to the next step in the burden-shifting analysis, plaintiff has raised a triable issue as to whether the funding

changes were pretexts for age discrimination. He asserts that Feudo engineered the changes as an excuse for reducing his hours and terminating his employment. He offers evidence that the Bridgeport Hospital official who notified Feudo of the funding changes, Christopher Cannon, chaired defendant's Board of Directors until 1992 and continued to be closely involved in managing defendant's affairs thereafter. (Pl.'s Mem. Ex. 1, ¶ 22.).[3] He also offers evidence that defendant usually allowed its employees to bump others based on seniority.[4]

Plaintiff's burden is also satisfied on the ultimate issue of whether a jury could infer that the hours reduction and termination were motivated in part by age. In addition to offering some evidence of pretext, he presents some evidence that the adverse actions were age-related, in particular, Feudo's alleged remark to another older worker that she had "earned the right to take things easy" (Pl.'s Mem. Ex. 1, ¶ 33), and his remark to plaintiff that "It's time to go, life isn't fair," or words to that effect (Pl.'s Mem. Ex. 2 at 86). In addition, plaintiff alleges that defendant terminated its oldest workers while hiring younger ones.[5]

---

[3] He also notes that one of Cannon's employees was serving on defendant's Board at the relevant time.

[4] Plaintiff relies on affidavits from co-workers stating that defendant had such a policy. (Pl.'s Mem. Ex. 1, ¶¶ 27, 29, Def.'s Mem. Exs. T, U).

[5] Defendant argues that it is entitled to the "same actor inference" since Feudo both hired and terminated plaintiff, but that inference is not warranted when, as here, the gap between hiring and (continued...)

Plaintiff's age discrimination claim may not fare well at trial. Cannon denies speaking with Feudo about personnel matters after he left defendant's Board, which was almost a decade before the events at issue; the hours reduction allegedly enabled defendant to avoid paying health insurance premiums, which an employer is free to do without violating the ADEA, see Hazen Paper Co. v. Biggins, 507 U.S. 604, 611-12 (1993); Feudo's age-related remarks were made long before the termination; and defendant presents evidence that there was no bumping policy. Nevertheless, plaintiff's age discrimination claim has some evidentiary support, and it is based on essentially the same sequence of events as his retaliation claim, which survives summary judgment (see infra). In this situation, it makes sense to deny summary judgment on the age discrimination claim in favor of a trial, which will provide a surer basis for resolving the claim than the present paper record. See Jack H. Friedenthal and Joshua E. Gardner, Judicial Discretion to Deny Summary Judgment in the Era of Managerial Judging, 31 Hofstra L. Rev. 91, 104 (2002). Accordingly, the motion for summary judgment on the age discrimination claim is denied without prejudice to defendant's right to move at trial for judgment as a matter of law after plaintiff rests.

B. Retaliation

Plaintiff claims that defendant's motives for terminating

---

[5](...continued)
termination is seven years. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 132 (2d Cir. 2000).

him included retaliation for filing an internal grievance asserting rights under the ADEA. 29 U.S.C. § 623(d).[6] This claim is also analyzed under the burden-shifting framework used for discrimination claims. Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 94 (2d Cir. 2001).

Plaintiff has made a prima facie case of retaliation because the termination of his employment and the denial of his grievance occurred on the same day.[7] Defendant has presented a legitimate explanation for the termination -- Bridgeport Hospital's discontinuance of funding. The question, then, is whether plaintiff has raised a triable issue that the funding-cutoff explanation was a pretext for retaliation. Plaintiff can meet this burden by showing a temporal connection between his protected activity and the adverse action and offering at least some evidence to rebut the employer's explanation. See Quinn v. Green Tree Credit Corp., 159 F.3d 759, 770 (2d Cir. 1998); Bombero v. Warner-Lambert Co., 142 F. Supp. 2d 196, 211 (D. Conn. 2000). The former requirement is satisfied because defendant denied his grievance on the same day it terminated him; the latter is satisfied by the evidence of pretext discussed above in connection with the age discrimination claim.

---

[6] The grievance, which primarily asserted that plaintiff was a good employee, made no explicit mention of age discrimination, but it did state that plaintiff was "12 to 15 years older" than anyone else working in certain programs, in order to "highlight some points of interest." (Def.'s Memo. Ex. H.)

[7] Proximity in time can be enough to make a prima facie case of retaliation. Slattery, 248 F.3d at 95.

III. Conclusion

Accordingly, defendant's motion for summary judgment [Doc. #35] is hereby granted in part and denied in part, and plaintiff's age discrimination claim under the CFEPA based on the reduction in his hours is dismissed.

So ordered.

Dated at Hartford, Connecticut this 12th day of March 2004.

                                    Robert N. Chatigny
                              United States District Judge