UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARRY GETER | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 3:02CV540 (RNC) |
| VS. | : | |
| | : | |
| GREATER BRIDGEPORT ADOLESCENT PREGNANCY PROGRAM, INC. | : | |
| | : | |
| Defendant. | : | MARCH 26, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION

Pursuant to D.Conn.L.Civ.R. 7(c), the undersigned Defendant, Greater Bridgeport Adolescent Pregnancy Program ("GBAPP"), has moved this Court to reconsider its Ruling and Order dated March 12, 2004, regarding the Defendant's Motion for Summary Judgment dated February 10, 2003.  That ruling granted summary judgment in part to the Defendant as to the Plaintiff's claims under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, *et seq.* ("CFEPA"), holding that the Plaintiff's claims for age discrimination regarding his reduction in hours as time-barred.  The ruling, however, denied the Defendant's motion for the reason that the Plaintiff satisfied his burden on the ultimate issue of whether a jury could infer that the hours reduction and termination were motivated in part by age.  The ruling appears to incorporate facts that should have been removed from consideration on the motion for

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

summary judgment because they were either time-barred or based on the Defendant's motion to strike hearsay statements and the Court's ruling on the same.

For the reasons set forth herein, the Defendant respectfully requests the Court to reconsider its ruling of March 12, 2004 and enter summary judgment in favor of the Defendant.

## I.  FACTS AND PROCEDURAL HISTORY

On February 10, 2003, the Defendant filed its motion for summary judgment on all counts of the Plaintiff's First Amended Complaint dated November 22, 2002.  On July 21, 2003, the Plaintiff filed his memorandum of law in opposition to the Defendant's motion for summary judgment.  On August 1, 2003, the Defendant filed its motion to strike portions of the Plaintiff's submissions in opposition to the Defendant's motion for summary judgment, which were based on inadmissible, unauthenticated hearsay, speculation and conclusory statements. On August 7, 2003, the Plaintiff then filed an Affidavit in support of his opposition memorandum, which contained information that was not included in his opposition memorandum dated filed on July 21, 2003.  On August 25, 2004, the Defendant moved to strike the Plaintiff's Affidavit as untimely filed after the Defendant's Reply memorandum.

On January 22, 2004, the Court denied the Defendant's motion to strike the Plaintiff's Affidavit and denied the Defendant's motion to strike the inadmissible hearsay statements from the Plaintiff's opposition memorandum.  The Court noted that "[a] Court has the discretion to strike inadmissible statements from an affidavit . . . but in most

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

instances the better approach may be to simply disregard material that is not properly presented. . . . That is the approach that will be followed here." (citations omitted) Order (Doc # 73), dated January 22, 2004.

On March 12, 2004, the Court issued a Ruling and Order, which granted in part and denied in part, the Defendant's motion for summary judgment dated February 10, 2003.  That ruling granted summary judgment in part to the Defendant as to the Plaintiff's claims under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, *et seq.* ("CFEPA"), holding that the Plaintiff's claims for age discrimination regarding his reduction in hours as time-barred.  See Order (Doc. # 76), dated March 12, 2004, p. 3.  The ruling, however, denied the Defendant's motion on the Plaintiff's remaining claims for age discrimination for the reason that the Plaintiff satisfied his burden on the ultimate issue of whether a jury could infer that the hours reduction and termination were motivated in part by age.  Id., p. 5.  In reaching its decision, the Court noted that the Plaintiff's age discrimination claims were "apparently weak" and "may not fare well at trial." See Id., pp. 4, 6.  The Court, however, considered that the "plaintiff was the third oldest employee after Feudo and a female. The female employee quit after Feudo told her in early to mid-2000 that she had earned the right to take things easy.  Feudo made a similar comment to plaintiff, telling him its time to go, life isn't fair." (internal quotation marks omitted.)  Id., p. 2.  In denying the motion, the Court reasoned:

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> Plaintiff's burden is also satisfied on the ultimate issue of whether a jury could infer that the hours reduction and termination were motivated in part by age. In addition to offering some evidence of pretext, he presents some evidence that the adverse actions were age-related, in particular, Feudo's alleged remark to another older worker that she had "earned the right to take things easy . . . and his remark to plaintiff that it's time to go, life isn't fair, or words to that effect. In addition, plaintiff alleges that defendant terminated its oldest workers while hiring younger ones.

(Citations omitted) Id., p. 4.

In addition, the Court denied the Defendant's motion for summary judgment on the Plaintiff's retaliation claims for the reason that the Plaintiff demonstrated a temporal connection between the filing of his grievance and his termination "because defendant denied his grievance on the same day it terminated him." Id., p. 7. The Court further denied the Defendant's motion on the age discrimination claims in favor of a trial, "which will provide a surer basis for resolving the claim than the present paper record," which appears to be based on secondary authority. Id., p. 6.

## II.    STANDARD

### A.    Summary Judgment

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Miner v.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

City of Glens Falls, 999 F.2d 655, 661 (2d. Cir. 1993)(citation omitted).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cenbt. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) quoting Anderson, 477 U.S. at 248.

### B.  Motion for Reconsideration

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). Thus, the movant must demonstrate that newly discovered facts exist that require reconsideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the defendant which, if left unredressed, would result in clear error or cause manifest injustice. Metropolitan Entertainment Co. v. Koplik, 25 F.Supp.2d 367, 368 (D.Conn. 1998) citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).

## III.  ARGUMENT

### A.  The Plaintiffs Weak Claims for Age Discrimination Are Insufficient to Reach a Jury.

The Court must reconsider its decision because the Plaintiff's weak claims for age discrimination are insufficient to reach a jury.  In an employment discrimination

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

case, a prima facie case coupled with evidence of pretext does not guarantee a plaintiff's survival of a motion for summary judgment. A plaintiff must adduce evidence from which a reasonable jury could conclude that age discrimination was the real reason for defendant's action. Under this standard, a plaintiff may only prevail if the finding of pretext points to age discrimination or if other evidence in the record points in that direction. See Fisher v. Vassar College, 114 F.3d 1332, 1337-39 (2d Cir.1997)(en banc), cert. denied, 522 U.S. 1075, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998).

In this case, in reaching its decision to deny the Defendant's motion for summary judgment, the Court reasoned that the Plaintiff "was the third oldest employee after Feudo and a female. The female employee quit after Feudo told her in early to mid-2000 that she had earned the right to take things easy." Feudo made a similar comment to plaintiff, telling him its time to go, life isn't fair." (internal quotation marks omitted.) See Ruling and Order, p. 2. It appears that these statements are inconsistent with the Court's previous rulings that it would disregard material that is not properly presented, including inadmissible hearsay statements. See Order (Doc. # 73), dated January 22, 2004. The Court also reasoned that "the plaintiff alleges[1] that the defendant terminated its oldest workers while hiring younger ones." (emphasis added). Id., p. 5. It is unclear, however, whether the Court considered the undisputed fact that

---

[1] It is further unclear whether the Court is making this determination based on an allegation by the Plaintiff or whether this is an undisputed fact.  It is clear by the evidence submitted by the parties, however, that Dr. Feudo had hired employees older than him and the Plaintiff, before and after the Plaintiff's termination.

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Dr. Feudo had hired five (5) employees older than him prior to and after the Plaintiff's termination.  See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Exhibit 19.  Specifically, Dr. Feudo had hired Mary Kranyak, age 61, on July 17, 2002; Joyce Lewis, age 59 on November 11, 2001; Carmen Feliciano, age 57 on March 3, 2001; Karen Seferi, age 55 on July 10, 2000; and Pamela Wilmot, age 55 on July 18, 1994.  See Id.  This undisputed evidence clearly militates against any inference that Dr. Feudo's employment decisions were based on age, since these employees were hired before and after the Plaintiff's termination and are older than Dr. Feudo and the Plaintiff.

Although the Court's ruling indicates that the Plaintiff's evidence may have been sufficient to meet the de minimus burden of establishing a prima facie case, no reasonable jury could conclude from it that age was the real reason for plaintiff's termination. See, Fisher at 1336-37; Norton v. Sam's Club, No. 97-7928, 1998 WL 272630 at *5 (2d Cir. May 29, 1998) (a very weak prima facie case plus a weak showing of pretext that does not in itself implicate discrimination are not sufficient to support a jury's finding of discrimination); Hawkins v. Astor Home for Children, No. 96 CIV 8778(SS), 1998 WL 142134 at *6 (S.D.N.Y. March 25, 1998)(evidence of a minimal prima facie case cannot, without more, defeat a motion for summary judgment). Moreover, it appears that the Court based its decision to deny the Defendant's motion for summary judgment, in part, based on facts regarding the Plaintiff's "reduction in his hours," which have been held to be time-barred and should not be considered as part of

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the Court's decision. See Ruling and Order, pp. 3-6. For these reasons, the Defendant respectfully requests the Court to reconsider its March 12, 2004 ruling and order and grant summary judgment in favor of the Defendant on the Plaintiff's age discrimination claims.

### B. The Court Overlooked that there was no Temporal Connection Between the Plaintiff's Filing of His Grievance and His Termination.

In denying the Defendant's motion for summary judgment, the Court found that the Plaintiff has met a prima facie case of retaliation because the termination of his employment and the denial of his grievance occurred on the same day. See Ruling and Order, dated March 12, 2004, p. 7. The evidence submitted, however, demonstrates that the events did not occur on the same date. The Court recognized that the Defendant presented a legitimate non-discriminatory explanation for the termination, i.e., Bridgeport Hospital's discontinuance of funding. Id. The Court held that the Plaintiff could meet his burden to demonstrate pre-text by showing a temporal connection between his protected activity of the denial of his grievance and an adverse employment action of his termination. See Id.

First, it must be noted that the Plaintiff filed his grievance based on the reduction of his hours on January 16, 2001. See Defendant's Memorandum of Law in Support of Summary Judgment, Exhibit I. Notably, to the extent that the Court has ruled that the Plaintiff's claims regarding the reduction in hours is time barred, the Court should not consider any such evidence in reaching its decision. See Ruling and Order, pp. 3-6. It

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

is unclear, however, whether the Court considered that the <u>notice</u> of the elimination of funding from Bridgeport Hospital dated March 12, 2001 had preceded the Plaintiff's termination date of March 30, 2001. <u>See</u> Defendant's Memorandum of Law in Support of Summary Judgment, Exhibits N, O.  Moreover, the Plaintiff met with the Board on February 22, 2001 to provide him with an opportunity to present the Board with his grievance. <u>See</u> Def's Mem, p. 9.  The Board subsequently met on March 14, 2001 to vote on the Plaintiff's grievance. <u>Id.</u> Although the Board denied the Plaintiff's grievance on March 14, 2001, the Plaintiff's employment did not end with the Defendant until March 30, 2001.  As such, the Board did not deny the Plaintiff's grievance on the same day it terminated him and there can be no temporal connection between the two events to support the Court's ruling and order in this case. <u>See</u> Ruling and Order, p. 7.  Accordingly, the Defendant respectfully requests the Court to reconsider its ruling and enter summary judgment in favor of the Defendant.

### III.    **CONCLUSION**

For all the above reasons, the Defendant respectfully requests the Court to reconsider its Ruling and Order dated March 12, 2004 and and enter summary judgment in favor of the Defendants on the Plaintiff's claims for age discrimination.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

                THE DEFENDANT:
                GREATER BRIDGEPORT
                ADOLESCENT PREGNANCY
                PROGRAM, INC.

By_____
  James M. Sconzo
  Fed. Bar #ct04571
  Kevin R. Brady
  Fed. Bar #ct22135
  HALLORAN & SAGE LLP
  One Goodwin Square
  225 Asylum Street
  Hartford, CT 06103
  (860) 522-6103

## **CERTIFICATION**

      This is to certify that on this 26th day of March, 2004, I hereby mailed a copy of the foregoing to:

Francis D. Burke, Esq.
MANGINES & BURKE, LLC
1115 Main Street, Suite 708
Bridgeport, CT  06604


_____
Kevin R. Brady

529508.1

- 10 –

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105