UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 MAR 31  P 2 04

| | |
|---|---|
| GARRY GETER : | |
| Plaintiff : | |
| vs. : | CIVIL ACTION NO. |
| : | 302CV540 (RNC) |
| GREATER BRIDGEPORT ADOLESCENT : | |
| PREGNANCY PROGRAM | |
| Defendant : | MARCH 29, 2004 |

## MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff, Garry Geter, respectfully submits this Memorandum in Opposition to Defendant's Motion for Reconsideration dated March 26, 2004. While Defendant cites to case law setting forth the stringent standard to be applied in deciding a Motion for Reconsideration, its memorandum is devoid of any "newly discovered facts ... that require reconsideration ... intervening change in the law ... or that the court has overlooked and thus failed to consider an aspect of the law presented by the defendant which, if left unaddressed, would result in clear error or cause manifest injustice." (Defendant's Memorandum at 5, citing Metropolitan Entertainment Co. v. Koplik, 25 F.Supp.2d, 367, 368 (D.Conn. 1998) and Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d. Cir. 1992). A motion for reconsideration is not designed for "presenting the case under new theories, securing a rehearing on the merits, or

otherwise taking a 'second bit at the apple'." Sequa Corp. v. GBJ Corp., 156 F.3d. 136, 144 (2d. Cir. 1998). Therefore, absent compelling circumstances, a Rule 59 motion is "generally denied." Wells Fargo Financial, Inc. v. Fernandez, No. 98 Civ. 6635, 2001 WL 345226 at *1 (SDNY, Apr. 9, 2001).

**ARGUMENT**

A. **THE COURT CORRECTLY FOUND THAT PLAINTIFF'S CLAIMS ARE SUFFICIENT TO REACH A JURY**.

Defendant's attempt to secure a second bite at the apple is entirely unsupported and, therefore, unavailing. Defendant not only seeks reconsideration of the Court's decision on its Motion for Summary Judgment, but apparently seeks reconsideration of "previous rulings that [the Court] would disregard material that is not properly presented, including inadmissible hearsay statements." (Defendant's Memo at 6.) There is, of course, no evidence that the Court overlooked anything, and the decision simply recognizes that statements of Defendant's Executive Director, Dr. Rudy Feudo, are admissible as party admissions, and may well fall under one or more additional exceptions to the hearsay rule, as previously argued.

Defendant continues to misapprehend the state of the law, and hence the applicability of the Court's decision that Plaintiff's claims regarding his "reduction in his hours" are time barred under CFEPA." Defendant ignores not only the fact that this claim is not time barred under the ADEA, but also ignores the effect of National Railroad Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2072 (2002), which specifically held that

2

evidence which supports a timely filed claim (such as Plaintiff's termination) may be considered regardless of its age.

Similarly, Defendant questions the Court's finding of a temporal connection between Plaintiff's termination and the filing of and denial of his grievance. (Defendant's Memo. at 9.) Even if Defendant is correct that the denial of Plaintiff's grievance and his termination were not made on the same day, this would hardly be a basis to reconsider the Court's decision. Defendant concedes that Plaintiff filed his grievance on January 16, 2001, and was dismissed, at the latest, on March 30, 2001. This is a sufficient temporal relationship to support a claim and warrant consideration by the trier of fact. Not surprisingly, Defendant offers no case citations or other authority in support of its novel argument that the fact that there may have been a two week lag between the denial of Plaintiff's grievance and his termination is an insufficient temporal relationship to support a finding of liability. Thus, despite its best efforts to create issues where none exist, Defendant's arguments are insufficient to warrant reconsideration.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant's Motion for Reconsideration should be denied in its entirety.

THE PLAINTIFF

BY _____
Francis D. Burke
MANGINES & BURKE, LLC
1115 Main Street, Suite 708
Bridgeport, CT 06604
(203) 336-0887
Fed. Bar No. ct18688

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via U.S. Mail, postage prepaid, this ___29th___ day of March 2004, to:

Kevin R. Brady, Esq.
James M. Sconzo, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Francis D. Burke