UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARRY GETER | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| VS. | : | 3:02CV540 (RNC) |
| | : | |
| GREATER BRIDGEPORT ADOLESCENT PREGNANCY PROGRAM, INC. | : | |
| Defendant. | : | MARCH 26, 2004 |

**MOTION FOR RECONSIDERATION**

Pursuant to D. Conn. L. Civ.R. 7(c), the undersigned Defendant, Greater Bridgeport Adolescent Pregnancy Program ("GBAPP"), hereby respectfully moves this Court to reconsider its Ruling and Order dated March 12, 2004, regarding Defendant's

May 20, 2004. Geter v. Greater Bridgeport Adolescent Pregnancy Program Inc., Case No. 3:02CV540 (RNC)

Re: Defendant's Motion for Reconsideration [Doc. #77]

Granted. On reconsideration, I adhere to my ruling of March 12. Defendant contends that evidence relating to Feudo's statements and the reduction in plaintiff's hours should not be considered. But Feudo spoke as defendant's agent acting within the scope of his employment, so his statements are admissible under Rule of Evidence 801(d)(2)(D), and the reduction in plaintiff's hours is relevant to his ADEA claim. Defendant correctly notes that plaintiff's termination date was March 30, not March 15, as stated in the ruling, but the fact remains that plaintiff was notified of his termination on March 15, just one day after his grievance was denied. Viewing these things, plus the rest of the record, in a manner most favorable to plaintiff, defendant is not entitled to judgment as a mater of law. The record does not conclusively establish a nondiscriminatory reason for the defendant's actions, nor is there abundant, uncontroverted evidence that no discrimination occurred. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000). See also Zimmerman v. Associates First Capital Corp., 251 F.3d 376, 381-83 (2d Cir. 2001). So ordered.

Robert N. Chatigny, U.S.D.J.