UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARRY GETER, | : | CIVIL ACTION NO. 3:02CV 540 (RNC) |
| Plaintiff, | : | |
| V. | : | |
| GREATER BRIDGEPORT ADOLESCENT PREGNANCY PROGRAM, | : | |
| Defendant. | : | FEBRUARY 4, 2005 |

**JOINT TRIAL MEMORANDUM**

Pursuant to the Standing Order Regarding Trial Memoranda in Civil Cases, and this Court's Order Regarding Case Management Plan, dated July 10, 2002, the Plaintiff, Garry Geter, and the Defendant, Greater Bridgeport Adolescent Pregnancy Program ("GBAPP"), through counsel, submit this Joint Trial Memorandum, as follows:

1. **Trial Counsel.**

**For the Plaintiff:**

Francis D. Burke, Esq.
MANGINES & BURKE, LLC
1115 Main Street, Suite 708
Bridgeport, CT 06604
(203) 336-0887

**For the Defendant:**

James M. Sconzo, Esq. and
Michael G. Petrie, Esq.
HALLORAN & SAGE, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

2. **Jurisdiction.**

This Court has jurisdiction over the Plaintiff's federal claims under 28 U.S.C. § 1331, federal question jurisdiction.

3. **Jury/Non-jury.**

With the exception of the plaintiff's discrimination claim brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, this case will be tried before a jury. Defendant contends that because Plaintiff's ERISA claim is equitable in nature, there is no statutory right to a jury trial. Plaintiff contends that this issue should also be submitted to the jury.

4. **Nature of Case.**

A. Claims of the Plaintiff: The Plaintiff claims that he had his hours reduced from full-time to part-time and was ultimately terminated on or about March 30, 2001. Claims of the Plaintiff: The Plaintiff, Gary Geter, claims he was discriminated against and retaliated against on account of his age, opposition to perceived discrimination, and/or in order to render him ineligible for continuing coverage under defendant's employee benefits plans. Plaintiff's date of birth is September 25, 1950. Plaintiff's hours were reduced from full-time to part-time effective October 1, 2000, immediately following his fiftieth birthday. Plaintiff filed an internal grievance indicating that his demotion to a part-time position was unfair and discriminatory. Plaintiff was

informed that his grievance was denied and that he was being terminated on or about March 15, 2001. Plaintiff was neither offered nor even considered for other available positions for which he was qualified. In fact, when he attempted to apply for an available position for which he was qualified following his termination, he was threatened with arrest.

B. Claims of the Defendant: The Defendant is a grant dependent, non-profit organization, relying entirely on funding sources, such as state and federal grants, to administer its programs and services. As of 2000, Plaintiff was employed as a "Medicaid Outreach Specialist," a position that was funded entirely by a grant provide by Bridgeport Hospital. In July 2000, Defendant was notified by Bridgeport Hospital that it was reducing the funding level for the grant that supported the Medicaid Outreach Specialist position. Specifically, the funding was reduced to support only a part-time rather than full-time position. On August 10, 2000, the Defendant provided the Plaintiff with written notice that effective October 1, 2000 the Medicaid Outreach Specialist position would be reduced to twenty-five (25) hours per week due to cuts in funding from Bridgeport Hospital. On March 12, 2001, Bridgeport Hospital informed Defendant that it was discontinuing all grant funding for the Medicaid Outreach Specialist position effective March 30, 2001. Based on the discontinuation of funding for the Medicaid Outreach Specialist position, Defendant decided to eliminate that position. On March 15, 2001, the Defendant provided Plaintiff with written notice that effective March 30,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

2001, his position with the Defendant would end, due to the termination of funding for the Medicaid Outreach Specialist position from Bridgeport Hospital.

The Defendant therefore claims that Plaintiff's reduction in hours and subsequent termination were not the result of age discrimination or retaliation based on protected activity, or for the purpose of disqualifying him from health insurance benefits. To the contrary, the Defendant further claims that the reduction in hours and termination were the result of the legitimate nondiscriminatory reason that the grant which supported Plaintiff's former position was eliminated, and because there was no other funding source to sustain that position, Defendant was required to eliminate it resulting in Plaintiff's termination.

5. **Stipulations of Fact and Law.**

**Stipulations of Fact:** None

**Stipulations of Law:** None

6. **Plaintiff's Contentions.**

A. The Plaintiff was initially employed by GBAPP on or about March 1, 1994, performing job duties as a Substance Abuse, HIV and Outreach Specialist, as well as supervising teenage peer counselors.

B. On or about August 3, 1998, Plaintiff was assigned additional job duties as a part-time Medicaid Outreach worker in Bridgeport Hospital, following the untimely death of Robert Miller, another GBAPP employee. He performed the duties of both functions for well over one year.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

C. Plaintiff was assured by Dr. Feudo this position was only temporary, and that he need not be concerned about his job security due to his seniority with GBAPP. On or about November 1, 1999, Plaintiff was removed from his full-time position and replaced by a younger worker, Michael Perez, 18 years old, who was over 30 years younger than Plaintiff. Plaintiff was also transferred to a new location at about this time.

D. Following these changes, Plaintiff was instructed by Rudy Feudo to train Perez for his former job as well as training other newly hired workers, in addition to his Medicaid outreach duties.

E. On or about October 1, 2000, less than one week following his fiftieth birthday, Plaintiff's hours were reduced from 40 hours per week to 25 hours per week.

F. Plaintiff filed an internal grievance with the Defendant regarding his situation, claiming that the reduction in his hours was unfair and discriminatory, as well as in violation of defendant's seniority policy.

G. On or about March 15, 2001, Plaintiff was informed that his grievance was denied, and that his employment was terminated effective March 30, 2001.

H. Plaintiff was neither offered nor even considered for other available positions for which he was qualified. In fact, when he attempted to apply for an available position for which he was qualified following his termination, he was threatened with arrest.

I. Plaintiff contends that the decision to reduce his hours effective October 1, 2000, less than a week after his fiftieth birthday, was motivated at least in part by plaintiff's age and/or defendant's desire to render him ineligible for medical or other benefits.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Plaintiff contends that plaintiff was subsequently terminated and denied the opportunity to fill other available positions for which he was qualified due to his age, in order to prevent him form receiving medical and other benefits, and/or in retaliation for his filing an internal grievance or otherwise opposing perceived age discrimination.

7. **Defendant's Contentions.**

A. The Defendant contends that it is a grant dependent, non-profit organization, relying entirely on funding sources, such as state and federal grants, to administer its programs and services.

B. The Defendant contends that Plaintiff's supervisor throughout his employment was Dr. Rudolph Feudo.

C. Dr. Feudo, who was age 54 at the time of Plaintiff's termination, is nine years older than Plaintiff, who was age 52 at the time of his termination.

D. Plaintiff was hired by Dr. Feudo on or about March 1, 1994, to work part-time as an Outreach Worker in the Teen Outreach and Primary Services ("TOPS") Program, which was funded by a federal grant.

E. On or about June 1, 1994, Plaintiff became a full-time Outreach Worker in the TOPS program, and continued in that position until August 1998.

F. In August 1998, a Medicaid Outreach Specialist position became available.

G. The Medicaid Outreach Specialist position was at that time a full-time position funded entirely by a grant from Bridgeport Hospital.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

H.     Because Plaintiff had outreach experience and also because funding for the TOPS program was ending on November 30, 1998, Dr. Feudo offered the Medicaid Outreach Specialist position to Plaintiff, and Plaintiff accepted.

I.     In July 2000, Bridgeport Hospital notified the Defendant that effective October 1, 2000, it was reducing the funding level for the grant supporting the Medicaid Outreach Specialist position.

J.     Based on the reduced funding level, the grant supported only a twenty-five hour per week position.

K.     On or about August 10, 2000, Dr. Feudo informed Plaintiff that effective October 1, 2000 his hours would be decreased to twenty-five per week.

L.     Dr. Feudo encouraged and assisted Plaintiff in attempting to locate other positions at GBAPP, and other employers to supplement his income.

M.     On March 12, 2001, Bridgeport Hospital notified Defendant that effective March 31, 2001, it was eliminating its Medicaid outreach program through GBAPP and therefore would be terminating the grant funding that supported the Medicaid Outreach Specialist position.

N.     On or about March 15, 2001, Dr. Feudo informed Plaintiff that due to the termination of the Medicaid outreach program and the funding from Bridgeport Hospital, Defendant was required to eliminate the Medicaid Outreach Specialist position.

O.     Dr. Feudo informed Plaintiff that his employment would therefore be terminated effective March 31, 2001.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

8.   **Legal Issues.**

A.    Whether Plaintiff can establish a prima facie case of age discrimination under the Age Discrimination in Employment Act ("ADEA").

B.    Whether Plaintiff can establish a prima facie case of age discrimination under the Connecticut Fair Employment Practices Act ("CFEPA").

C.    Whether Plaintiff can establish a prima facie case of retaliation under the ADEA.

D.    Whether Plaintiff can establish a prima facie case of unlawful denial of health insurance on account of age under the Employee Retirement Income Security Act ("ERISA").

E.    Whether the Defendant has articulated a legitimate, non-discriminatory business reason regarding Plaintiff's reduction in hours as of October 1, 2000.

F.    Whether the Defendant has articulated a legitimate, non-discriminatory business reason regarding Plaintiff's termination of employment on March 30, 2001.

G.    Whether Plaintiff can sustain his ultimate burden of showing that his age and or opposition to perceived discrimination was a motivating factor in Defendant's decisions to reduce his hours, terminate his employment, and/or not consider him for other available positions for which he was qualified.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

H.     Whether Plaintiff can sustain his ultimate burden of showing that his Defendant reduced his hours and/or terminated him, at least in part, in order to render him ineligible for continuing health insurance and benefits available to full-time employees.

I.     Whether Plaintiff is entitled to a jury trial as to his claimed violations of ERISA.

9.    **Voir Dire Questions.**

**Plaintiff's Proposed Voir Dire Questions:**

1) Do you know anything about this lawsuit?

2) Have you ever sat on a jury before?  If so, was the action civil or criminal? Did you deliberate?  Did you reach a verdict?

3) Are you currently employed? If not, what was you most recent job and how do you currently spend your time?

4) If you are currently employed, where and with whom and for how long? What are your job responsibilities?

5) Are you married?  If so, does your spouse work?  If not, has your spouse worked in the past?

6) If your spouse works, where and with whom?  What are your spouse's job responsibilities?

7) Do you have any children?  If so, how many and what are their ages?

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

8)    Do any of your children work full time?  If so, for whom do they work and what are their job responsibilities?

9)    Are your parents living, and if so, are they employed?

10)    If your parents are employed, for whom do they work and where are their job responsibilities?

11)    Do you know any of the parties, witnesses, or attorneys in this case?

12)    Have you ever been involved in the hiring, promotion, demotion, termination or discipline of any employee?  If so, describe.

13)    Have you ever owned or managed a business?  If so, describe.

14)    Do you feel that younger employees generally are more vigorous, or more enthusiastic and therefore perform better than older employees?

15)    Do you feel that a younger person early in his or her career will be more interested in getting ahead and therefore will work harder than an older worker who has been in the job for a long time?

16)    Do you feel that there should be a mandatory age for retirement?

17)    Do you feel that there comes a time when an older worker should step aside to make room for young people just entering the workforce?

18)    Do you believe that it is within management's prerogative to terminate, fail to promote, fail to hire, and demote an individual because of his or her age or in order to be able to hire a less expensive younger worker?

19)    Have you ever considered yourself a victim of discrimination?  If so, explain.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

20)    Have you ever been accused of discrimination?  If so, please explain.

21)    Have any of your relatives, friends, or colleagues ever been accused of discrimination?  If so, please explain.

22)    Have you or any relative, friend or colleague ever been a witness in a discrimination case?

23)    Do you think that older people are treated unfairly in employment?

24)    Have you heard of older people filing lawsuits claiming that they have been discriminated against?  What do you think of that type of lawsuit?

25)    Have you had any experience that has left you with any kind of feeling about the legal profession or the court system?  Can you tell us more about that?

26)    Do you think people too often start court suits to solve their problems?

27)    Do you feel that you are generally a little suspicious of people who sue?

28)    Do you have a concern about giving people financial compensation for injuries they have suffered?  What are they and why do you have such a belief?

29)    Do you think it is appropriate for jurors to decide cases involving large sums of money?

30)    Would you be uncomfortable about being in a position to potentially award large sums of money to the Plaintiff if he proves his case?

31)    In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on the issue of fact if, after consideration of all the evidence in the case, the jurors believe that what is sought to be proved on the issue is more likely true

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

than not true. Can you follow the law on this as I will instruct you at the conclusion of the trial even if you personally believe proof to be a certainty should be required?

32. Have you or any members of your family or friends ever been represented by, or are you or they socially acquainted with, any of the attorneys or firms who represent any of the parties to this action? If so, state when and where the representation of such attorney, or the extent of the acquaintance with such, occurred.

33. Do you or any members of your family or friends know any of the people who are expected to be witnesses in this case or any of the organizations with which the witnesses are associated?

34. Have you or any member of your immediate family held a supervisory position which involved hiring, firing or disciplining employees?

35. Have you actually been involved in hiring, firing or disciplining an employee? If so, please describe the circumstances.

36. Are there any among you who feel that you would be reluctant to find in favor of an employee in a case brought against his employer?

37. Are there any among you who feel that you would be reluctant to award plaintiff money damages assuming that plaintiff proves to your satisfaction that the defendant is liable under the law?

38. Have you or any member of your family been a party to a lawsuit? If so, please tell us more about that:

a. Were you suing or being sued?



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

b. Who was the other party?
c. What made you decide to sue?
d. Is the matter resolved yet?
e. How long ago did this happen?
f. What was the outcome?
g. How did you feel about the outcome? Why?
h. How did it affect you?

39. Was there anything about your experience that left you with any kind of feeling about the legal profession or court system?

40. Have you ever testified in a legal proceeding? If yes, what were the circumstances? How did you feel about that experience?

41. Do you think you might trust the testimony of a corporate officer more than that of an employee who does not have as high a ranking? If yes, why?

42. Have you ever heard of GBAPP? Have you ever seen any of their advertising? If so, have you formed any opinions about this company?

43. Based upon what you know about the parties and this case thus far, do you have any particular feelings which would in any way affect your ability to be fair and impartial in this case?

**Defendant's Proposed Voir Dire Questions:**

The Defendant requests that each of the prospective jurors be required to identify themselves, giving their number, name, their address for the past five years, their occupation for the past five years and occupation of their spouses for the past five years. The defendant requests that they then be asked the following questions:

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

1.    Have any of you ever served as a juror previously, either in State or Federal Court? If so, where and when was it and did it involve civil or criminal cases.

2.    Are you or any members of your family or friends related to any of the attorneys representing any of the parties to this action? If so, what is the relationship?

3.    Have you or any members of your family or friends ever been represented by, or are you or they socially acquainted with, any of the attorneys who represent any of the parties to this action? If so, state when and where the representation of such attorney, or the extent of the acquaintance with such, occurred.

4.    Do you or any members of your family or friends know the plaintiff or any members of his family?

5.    Do you or any members of your family or friends know any of the people who are expected to be witnesses in this case or any of the organizations with which the witnesses are associated?

6.    Have you or any members of you family ever brought a lawsuit or claim of any kind against a current or former employer?

7.    Have you or any members of you family ever been fired or laid off from a job?

8.    Do you have any particular feelings concerning the defendant which would in any way affect your ability to be fair and impartial in this case?

9.    Have you or any members of your family or friends ever studied law?

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

10. Have you or any members of your family or friends ever made a claim or brought a lawsuit concerning any alleged discriminatory actions by a business, company or employer? If so, what was the basis of that claim?

11. Have you ever been a party to a lawsuit or brought a claim for money damages, if so:

(1) did you bring the suit or claim or was it brought against you;

(2) what was the nature of the lawsuit or claim;

(3) how was the suit or claim resolved.

12. Have you or any members of your family or friends ever worked for a lawyer?

13. Is there any one of you who, if instructed to do so by the Judge, could not or would not be able to put aside all natural feelings of sympathy during jury deliberations and decide this case strictly on the facts and the law?

14. Do any of you feel that because this case involves the business decisions of employers that you would not be able to put aside all natural feelings either pro or con with respect to employers, and decide this case strictly on the facts and the law.

15. If there are any one of you who would find it extremely difficult, if not impossible, to follow the Judge's instructions not to discuss the case outside of the courtroom with anyone, including family members, and not to read about the case or listen to any possible broadcasts about it on the radio or television?

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

16.     Are there any among you who feel that merely because a person brings a lawsuit and claims money damages that such person is entitled to be awarded damages by a jury without first proving that the defendants are liable under the law?

17.     Are there any among you who feel that merely because the defendant has been sued that it must have done something wrong or must legally be at fault?

18.     Are there any among you who feel that even if the plaintiff fails to prove his case against the defendant, you could not or would not send the plaintiff home without any money because he claims he has suffered a great deal and incurred expenses?

19.     Do any one of you feel now, before hearing any of the evidence, that you are inclined to lean towards any party or be sympathetic towards the position of any party?

20.     Do any of you know anything about the circumstances surrounding this lawsuit?

21.     Have any or you or any members of your family worked for the Greater Bridgeport Adolescent Pregnancy Program, Bridgeport Hospital, or any other non-profit of hospital?  If so, in what capacity.

22.     Have you or any members of your family ever had any negative experiences with your employer, including but not limited to, being terminated, laid off, or receiving unemployment compensation?  If so, what was the nature of the negative experience?

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

23.   Have any of you read any publications in the media regarding any of the parties to this lawsuit and if so, whether any information you obtained from those publications would affect your ability to be fair and impartial in this case?

10.   **List of Witnesses**

**Plaintiff's Witnesses**

1.   Garry Geter   Plaintiff will testify as to the facts and circumstances surrounding his employment and termination by Defendant, as well as his subsequent attempts to apply for open positions at GBAPP. Mr. Geter will also testify as to his damages.

2.   Sandra Vining      Plaintiff's former supervisor will testify as to the facts and circumstances of Plaintiff's employment, her own employment with and separation from GBAPP, as well as Defendant's policies and procedures.

3.   Ernest Brown      Former GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment and his own employment with GBAPP, as well as Defendant's policies and procedures.

4.   Michael Perez      Former GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment, his own employment with and separation from GBAPP, as well as Defendant's policies and procedures.

5.   Toniannette Mack   Former GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment, her own employment with and separation from GBAPP, as well as Defendant's policies and procedures.

6.   Yanira Diaz-Olivares  Current GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment and her own employment with GBAPP, as well as Defendant's policies and procedures.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

7. Rosie Rodriguez Former GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment, her own employment with and separation from GBAPP, as well as Defendant's policies and procedures.

8. Joyce Nieves Former GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment, her own employment with and separation from GBAPP, as well as Defendant's policies and procedures.

9. Maria Martinez Former GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment, her own employment with and separation from GBAPP, as well as Defendant's policies and procedures.

10. Gerri Russo Current GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment and her own employment with GBAPP, as well as Defendant's policies and procedures.

11. Madeleine Bell Former GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment, her own employment with and separation from GBAPP, as well as Defendant's policies and procedures.

12. Bobby Allen Current GBAPP employee will testify as to the facts and circumstances of Plaintiff's employment and his own employment with GBAPP, as well as Defendant's policies and procedures.

13. Al Grazia Grazia Insurance-Stratford, CT, is expected to testify as to Plaintiff's eligibility for, and receipt of, health insurance and related benefits from Defendant.

**Defendant's Witnesses:**

A. Dr. Rudolph Feudo, Executive Director of GBAPP, will testify as to: the background and structure of GBAPP; the funding sources for GBAPP; the plaintiff's employment history, from date of hire through termination; various personnel decisions, including the reduction of plaintiff's hours and termination of employment;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

plaintiff's grievance regarding the reduction in hours; other aspects of plaintiff's employment; the relationship between Bridgeport Hospital and GBAPP as it pertains to funding; the policies and procedures in place at GBAPP; and the impact of grant funding on GBAPP's ability to retain personnel.

B.    Christopher Cannon, Vice President of Ambulatory Services for Bridgeport Hospital, will testify to: the relationship between Bridgeport Hospital as it pertains to funding; grant funding for the Medicaid Outreach program; the decisions to reduce and eliminate funding for the Medicaid Outreach program; and the lack of discussion with GBAPP regarding personnel issues.

C.    Mario T. Gaboury, Chairman of the Board of Directors of GBAPP, will testify as to the grievance proceedings in response to the plaintiff's complaint regarding the reduction in his hours of work in October 2000.

D.    Susan Chudwick, Administrative Coordinator of GBAPP, will testify to: her supervision of various programs at GBAPP; the policies and procedures in place at GBAPP; her oversight of personnel and human resources decisions; and the plaintiff's employment, reduction in hours and termination.

E.    Nancy Kingwood, HIV Program Coordinator of GBAPP, will testify to: her supervision of the HIV program at GBAPP; the policies and procedures in place at GBAPP; and the plaintiff's employment, reduction in hours and termination.

F.    Brenda Farrell, Outreach Services Director, Bridgeport Hospital, will testify to: her supervision of grant funding for programs at other organizations by Bridgeport Hospital; and the decisions to decrease and eliminate funding for the Medicaid Outreach program at GBAPP.

Defendant reserves the right to call one or more witnesses identified by plaintiff.

11.    **Exhibits.**

      **Plaintiff's Exhibits:**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

The Plaintiff may utilize the following exhibits but it reserves the right to supplement this list through trial and to use exhibits not on this list as part of any rebuttal. Plaintiff may also rely on documents contained in Plaintiff's personnel file and/or documents obtained from defendant through discovery.

1. Excerpts from Sandra Vining's personnel file.

2. Excerpts from TOPS Grant Application dated 7/26/03.

3. Defendant's Supplemental Response dated 6/30/03.

4. Excerpts from STOP Grant Application dated 5/14/99

5. Correspondence from Attorney K. Brady dated 11/15/02.

6. Correspondence from Rudy Feudo dated 3/24/00 (2).

7. Correspondence from Rudy Feudo dated 5/14/99.

8. Correspondence from Rudy Feudo dated 1/15/01.

9. Correspondence from Rudy Feudo dated 6/12/02.

10. Correspondence from Rudy Feudo dated 10/7/02.

11. Correspondence from Rudy Feudo dated 10/15/02.

12. Job Postings dated 10/7/02.

13. GBAPP by-Laws.

14. Excerpts from Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories dated 11/8/02.

15. Excerpts from Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories dated 4/10/03.

16. Excerpts from Defendant's Supplemental Responses to Plaintiff's Third Set of Interrogatories dated 5/29/03.

17. Health Insurance Coverage Summary.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

18.  Ernest Brown Affidavit dated 3/19/01.

19.  Michael Perez Affidavit dated 2/20/01.

20.  GBAPP Employee Handbook (1998).

21.  Plaintiff's performance appraisal 4/16/99.

22.  Correspondence from Tressa Spears dated 11/23/98

**Defendant's Exhibits:**

The Defendant may utilize the following exhibits but it reserves the right to supplement this list through trial and to use exhibits not on this list as part of any rebuttal.

A.  Disposition Slip from Orthopaedic Surgery, P.C., dated February 26, 1999, releasing plaintiff to work on March 1, 1999.

B.  Affidavit of Garry Geter, dated October 31, 2002, containing details regarding plaintiff's employment and termination.

C.  Deposition Transcript, Garry Geter, dated December 11, 2002, containing testimony from the plaintiff regarding his claims and alleged damages.

D.  Letter from Bridgeport Hospital to Dr. Feudo, dated July 2, 2000, containing details regarding the decision to reduce grant funding to GBAPP.

E.  Letter to Garry Geter from Dr. Feuco, dated August 10, 2000, notifying the plaintiff of reduction in hours.

F.  Disposition Slip from Orthopaedic Surgery, P.C., dated December 1, 2000, releasing plaintiff to work on January 15, 2001.

G.  Grievance submitted by Garry Geter to GBAPP Board of Directors, contesting the decision to reduce his hours of work.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

H. Letter from Dr. Feudo to Garry Geter, dated January 22, 2001, responding to grievance made by the plaintiff, explaining reasons for the reduction in hours and offering option to take matter before the Board.

I. Garry Geter handwritten letter, requesting that the Board of Directors hear his grievance.

J. GBAPP Grievance Procedure, detailing the process for bringing and resolving grievances.

K. Letter to Garry Geter from Mario T. Gaboury, dated March 15, 2001, regarding the response of the Board of Directors to the plaintiff's grievance, upholding the decision made by Dr. Feudo.

L. Letter from Bridgeport Hospital to Dr. Feudo, dated March 12, 2001, notifying GBAPP that Bridgeport Hospital was terminating its funding for the Medicaid Outreach program effective March 30, 2001.

M. Letter from Dr. Feudo to Garry Geter, dated March 15, 2001, notifying the plaintiff that funding for the Medicaid Outreach would end on March 30, 2001, and that the plaintiff's position and employment would terminate that day.

N. GBAPP Policy and Procedure Manual, Effective January 1998, containing policies and procedures relevant to the plaintiff's employment.

O. Receipt for Policy and Procedure Manual, February 3, 1998, reflecting that the plaintiff received a copy of the GBAPP Policy and Procedure Manual.

P. Memorandum to All Employees, dated January 22, 2000, regarding changes GBAPP's medical insurance premiums.

Q. Lowest Cost Plan Options Exhibit, dated November 1, 2002 through December 31, 2002, detailing information regarding health plan coverage options.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

R. CBIA Health Connections, dated July 2001 through August 2002, detailing information regarding health plan coverage options,

S. Letters regarding the plaintiff's benefits plan elections, dated September 25, 1996.

T. Authorization dated December 6, 2000.

U. Plaintiff's Tax Returns, to demonstrate damages, or lack thereof, and any mitigation.

V. Documents showing the plaintiff's efforts to mitigate his damages.

W. Decision of the Commission on Human Rights and Opportunities dismissing the plaintiff's administrative charge.

12. **Deposition Testimony.**

None anticipated, except for purposes of cross-examination or rebuttal to testimony.

13. **Requests for Jury Instructions.**

The parties each submit herewith their proposed jury instructions

14. **Anticipated Evidentiary Problems.**

The Defendant expects to raise the following objections, save through motions *in limine*, to anticipated testimony:

1. The Plaintiff objects to any testimony or documentary evidence with regard to any findings, conclusions or disposition of Plaintiff's administrative charges filed with the CHRO and/or EEOC. Said conclusions were based on an inaccurate and incomplete record, without the benefit of live testimony or the extensive discovery conducted in this

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

case. Such evidence, which goes to the ultimate question to be decided by the trier, would be of no value and would only serve to potentially confuse the trier. The potential prejudice to the Plaintiff would clearly outweigh any probative value of any such evidence.

2.      The Plaintiff objects to any testimony or documentary evidence with regard to any of Plaintiff's claims currently pending in the state court. Such evidence is not only irrelevant to the issues to be decided in the instant, but could serve to confuse or mislead the trier. Any such evidence would need to be evaluated in its proper context, requiring a series of mini trials on issues not a part of the instant action, which would serve only to unnecessarily prolong and complicate the trial of this action. Conclusions were based on an inaccurate and incomplete record, without the benefit of live testimony or the extensive discovery conducted in this case. Such evidence would only serve to potentially confuse the trier. The potential prejudice to the Plaintiff would clearly outweigh any probative value of such evidence.

15.    **Proposed Findings and Conclusions.**

Not applicable to the plaintiff's ADEA and CFEPA age discrimination and retaliation claims, which will be tried to a jury.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Defendant contends that Plaintiff's claim brought pursuant to ERISA must be tried to the Judge and accordingly, that the following legal principles should be applied:

1) The McDonnell-Douglas presumptions and shifting burdens of production are appropriate in the context of discriminatory discharge cases brought under Section 510 of ERISA, 29 U.S.C. § 1140. See Dister v. Continental Group, Inc., 859 F.2d 1108, 1112 (2d Cir. 1988).

2) Under that analysis, a plaintiff may prevail at trial if, in addition to establishing a *prima facie* case, he persuades the trier of fact that the reason advanced for his discharge was unworthy of credence. Id., at 1113.

3) Plaintiff's initial burden under the McDonnell Douglas analysis is to establish a *prima facie* case of unlawful termination under ERISA. The nature of the plaintiff's burden of proof at the *prima facie* stage is *de minimus*. Id., at 1114.

4) A plaintiff establishes a *prima facie* case of unlawful termination in violation of Section 510 of ERISA by showing that the plaintiff (1) belongs to the protected group, in this case, that he is eligible to attain rights in a covered benefit plan , (2) was qualified for his position, and (3) was discharged under circumstances that give rise to an inference of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

discrimination. Id., at 1115; see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

5) If a plaintiff establishes a *prima facie* case, to rebut the inference of discrimination arising there from, the Defendant is required to articulate – but not prove – a legitimate, nondiscriminatory reason for the discharge. This burden is one of production, not persuasion. Id., at 1115.

6) If the Defendant successfully articulates a legitimate reason for the Plaintiff's discharge, the burden then becomes the Plaintiff's to prove at trial by a preponderance of the evidence, that the reasons advanced are false and in reality a pretext for discrimination. Id., at 1116.

7) The ultimate burden of persuading the trier of fact, in this case the Judge, that the Defendant intentionally discriminated against the Plaintiff, remains at all time with the Plaintiff. Texas Dept. of Community Affiars v. Burdine, 450 U.S. 248, 253 (1981).

16. **Trial Time.**

The parties anticipate that the trial of this matter will take approximately three (3) to five (5) days.

17. **Further Proceedings.**

Other than evidentiary issues, the parties do not anticipate that any further proceedings will be required.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

18. **Election for Trial by Magistrate.**

The parties have not agreed to have this case tried by a United States Magistrate and have elected to have any appeals heard by the Second Circuit Court of Appeals.

| THE PLAINTIFF,<br>GARRY GETER,<br><br>By: ____________________<br>Francis D. Burke, Esq.<br>Fed Bar # ct__________<br>MANGINES & BURKE, LLC<br>1115 Main Street, Suite 708<br>Bridgeport, CT 06604 | THE DEFENDANT:<br>GREATER BRIDGEPORT ADOLESCENT PREGNANCY PROGRAM, INC.<br><br>By: ____________________<br>James M. Sconzo<br>Fed. Bar # ct 04571 and<br>Michael G. Petrie<br>Fed. Bar #ct22789 of<br>HALLORAN & SAGE LLP<br>One Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103<br>(860) 522-6103 |
|---|---|

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105