# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARRY GETER | : |
|     Plaintiff | : |
| vs. | :    CIVIL ACTION NO. |
| GREATER BRIDGEPORT ADOLESCENT PREGNANCY PROGRAM | :    302CV540 (RNC) |
|     Defendant | :    FEBRUARY ___, 2005 |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**I.  Requested Charges Prior to Trial**

PROPOSED JURY INSTRUCTION NO. 1.

    You are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

    It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not.

    You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

9th Cir. Civ. Jury Instr. 3.1 (1997), §1.1 (hereinafter "9th Cir. Instr. 1997").

- 1 -

PROPOSED JURY INSTRUCTION NO. 2.

This is a civil case. The Plaintiff has the burden of proving each essential element of his claim by a preponderance of the evidence. A preponderance of the evidence means that something is more probably true than not true. So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof, then that element will have been proven by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply in a civil case such as this and you should put it out of your mind.

Sand, et al., Modern Federal Jury Instructions (1993) (hereinafter "Sand"), ¶73.01, Instr. 73-2; 9th Cir. Instr. 1997, §1.12.1; Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions (4th Ed. 1987) §72.01 (hereinafter "Blackmar").

PROPOSED JURY INSTRUCTION NO. 3.

You will decide what the facts are from the evidence that will be presented here in court. That evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits and any facts on which the lawyers agree or which I may instruct you to accept.

Blackmar § 70.03; Ninth Circuit Jury Committee, Manual of Model Jury Instructions for the Ninth Circuit (1993) (hereinafter "9th Cir. Instr. 1993") § 3.03.

PROPOSED JURY INSTRUCTION NO. 4.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: 1) statements and arguments of attorneys; 2) questions and objections of attorneys; 3) testimony that I instruct you to disregard; 4) anything you may see and hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9th Cir. Instr. 1997, §1.3.

## PROPOSED JURY INSTRUCTION NO. 5

There are two types of evidence: direct and circumstantial. Direct evidence is when a witness testifies about something he personally saw, heard, or did. Direct evidence may also be in a form of an exhibit.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict be based on a preponderance of all the evidence presented.

Blackmar §72.03; Sand ¶74.01, Instr. 74-2; 9th Cir. Instr. 1997, §1.5.

## PROPOSED JURY INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

    2.    The witness' memory;

    3.    The witness' manner while testifying;

    4.    The witness' interest in the outcome of the case and any motive, bias or prejudice;

    5.    Whether other evidence contradicted the witness' testimony;

    6.    The reasonableness of the witness' testimony in light of all the evidence; and

    7.    Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9th Cir. Instr. 1997 §1.7; Blackmar §73.01; Sand ¶76.01, Instr. 76-1. JOINT

## PROPOSED JURY INSTRUCTION NO. 7.

I will now say a few words about your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else (including members of your family and your friends) about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. You may tell people that you are a juror in a case but do not tell them anything else about it until after you have been discharged by me.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Fifth, do not do any research or make any investigation about the case on your own.

Sixth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Blackmar § 70.15; 9th Cir. Instr. 1993 § 1.08.

## PROPOSED JURY INSTRUCTION NO. 8.

At the end of the trial you will have to make your decision based on what you recall of the evidence. I urge you to pay close attention to the testimony as it is given during the trial.

9th Cir. Inst. 1993 § 1.09.

## PROPOSED JURY INSTRUCTION NO. 9.

I will now give you a brief summary of the order of the trial.

First, I will make an opening statement summarizing the case in order to help you follow the evidence.

The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine. Then the Defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that you will go to the jury room to deliberate on your verdict.

9th Cir. Instr. 1997 §1.11.

## PROPOSED JURY INSTRUCTION NO. 10.

In order to help you follow the evidence, I will now give you a brief summary of the case.

The Plaintiff in this case is Gary Geter. The Defendant is the Greater Bridgeport Adolescent Pregnancy Program, which I shall refer to by its acronym, GBAPP. Mr. Geter began his employment with GBAPP in 1994. Over the years, Mr. Geter performed various duties for GBAPP, including outreach work for those suffering from or at risk for HIV/AIDS, as well as training and supervision of teenage peer counselors. In August of 1998, another GBAPP employee, Robert Miller, was killed in an automobile accident. Shortly thereafter, Mr. Geter assumed responsibility for the Medicaid outreach duties previously performed by Mr. Miller, although he continued to perform duties related to HIV/AIDS after the time. As you will here, the parties disagree as to the exact substance, timing and purpose of various events which occurred thereafter.

The parties do agree that GBAPP was awarded a federal grant to provide HIV/AIDS Outreach and Education Services beginning in approximately November, 1999. Mr. Geter was not offered a position under this STOP program. Michael Perez, who had worked as a teenage peer educator under Mr. Geter's supervision in the TOPS program was hired into a full-time position in the TOPS program. Mr. Geter was asked to provide training and assistance to Mr. Perez and the teenage peer educators under the STOP program. Mr. Geter was transferred across the street to a new location. At some point, Mr. Geter's responsibilities became limited to conducting Medicaid outreach services under an agreement with Bridgeport Hospital.

In approximately July, 2000, GBAPP was informed by Bridgeport Hospital that it would be reducing the funding available under the Medicaid Outreach agreement. Mr. Geter was informed by Dr. Rudy Feudo, GBAPP's Executive Director, that as of October 1, 2000, shortly after Mr. Geter's fiftieth birthday, his hours would be reduced to 25 per week, which would result in his being ineligible for various employee benefits, including employer paid health insurance. In January of 2001, Plaintiff filed a grievance with regard to his reduction in hours. On or about March 15, 2001, Mr., Geter was informed that GBAPP's Board of Directors had denied his grievance. At about that same time, Mr. Geter was informed by Dr. Feudo that his employment with GBAPP was terminated.

Mr. Geter claims that his age was a motivating factor in Defendant's decisions to reduce his hours and ultimately terminate him, in violation of state and federal statutes prohibiting age discrimination in employment. Plaintiff further alleges that his termination was in retaliation for his filing an internal grievance and otherwise opposing

what he reasonably perceived as unlawful age discrimination. Plaintiff also alleges that his reduction in hours and termination were motivated, at least in part, in order to make him ineligible for employer-paid health insurance and other benefits, in violation of the Employee Retirement Income Security Act ("ERISA"). Finally, Plaintiff alleges that he was not offered available positions for which he was qualified as a result of these same unlawful characteristics.

Defendant denies that it discriminated or retaliated against Mr. Geter. GBAPP claims that Plaintiff's reduction in hours and termination resulted from Bridgeport Hospital's decisions to first reduce and then eliminate funding for the Medicaid Outreach position. It will be your job to determine whether Mr. Geter has proven, by a preponderance of the evidence, that Defendant discriminated or retaliated against him in its actions.

## II.     **Requested Charges After Trial**

### PROPOSED JURY INSTRUCTION NO. 11.

Now that you have heard the evidence and the arguments of counsel, it is my duty to give you instructions as to the law applicable to this case.

You, not I, are the sole judges of the facts and nothing I have said or will say should influence you with respect to the facts. However, it is your duty as jurors to follow the law as I explain it to you, and to apply the law to the facts as you determine them from the evidence in this case.

You are not to single out one instruction alone as stating the law, but should consider my instructions as a whole as you retire to the jury room to deliberate.

You should not be concerned with the wisdom of the law. Regardless of any opinion you may have as to what the law ought to be or may be, you must take the law as I explain it to you, and may not substitute your view of what the law should be.

Gallick v. Baltimore & Ohio Railroad Co., 372 U.S. 108 (1963); Franks v. United States Line Co., 324 F.2d 126 (2d Cir. 1963); Johnson v. United States, 422 F.2d 555 (7th Cir. 1970).

PROPOSED JURY INSTRUCTION NO. 12.

A word about the credibility of witnesses. Credibility means truthfulness and believability. You, the jury, are the sole judges of credibility.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. You may also consider the witness's demeanor and conduct while on the witness stand.

If you believe any witness has been impeached and thus discredited, you may, if you want to, reject the testimony of that witness, or give it such weight, if any, as you may think it deserves.

If a witness is shown to have lied concerning any matter, you have a right to distrust that witness' testimony on other matters; and you may reject all the testimony of that witness or give it such weight as you may think it deserves.

9th Cir. Inst. 1993 § 1.07; Blackmar § 73.04.


PROPOSED JURY INSTRUCTION NO. 13

There are two types of evidence: direct and circumstantial. Direct evidence is when a witness testifies about something he personally saw, heard, or did. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Blackmar §72.03; Sand ¶74.01, Instr. 74-2; 9th Cir. Instr. 1997 §1.5.

## PROPOSED JURY INSTRUCTION NO. 14

You are to consider only the evidence in the case. But in your consideration of the evidence you are permitted to draw such reasonable inferences as seem justified in the light of your experience, from the testimony you have heard and the facts you find have been proven.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Blackmar §72.04.

## PROPOSED JURY INSTRUCTION NO. 15

If a party has failed to produce evidence which is under the party's control, is reasonably available to the party, and is not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

Blackmar §72.16.

## PROPOSED JURY INSTRUCTION NO. 16

Mr. Geter alleges age discrimination and retaliation under the federal Age Discrimination in Employment Act ("ADEA") as well as the Connecticut Fair Employment Practices Act ("CFEPA"). Both of these acts prohibit an employer from taking adverse employment actions against an employee because of his age, or because he has taken acts to oppose what he reasonably believes to be unlawful age discrimination. The Age Discrimination in Employment Act (ADEA) provides, in relevant part:

    (a) It shall be unlawful for an employer --

(1)   . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age ...

    and

    (d) It shall be unlawful for an employer to discriminate against any of his

employees... because such individual...has opposed any practice made unlawful by this section....

The prohibitions contained in the Age Discrimination in Employment Act forbid discrimination against individuals who are at least 40 years old. In other words, the Act makes it unlawful for an employer to discriminate against an individual 40 or older because of his age.

29 U.S.C. § 623; Sand ¶ 88.02, Instr. 88-24.


PROPOSED JURY INSTRUCTION NO. 17

The purpose of the Age Discrimination in Employment Act is to promote the employment of older persons based on their ability rather than their age and to prohibit arbitrary age discrimination in employment. In other words, the purpose of this Act is to prevent employment discrimination because of age.

29 U.S.C. § 621(a); Sand ¶ 88.02, Instr. 88-25.


PROPOSED JURY INSTRUCTION NO. 18

The Connecticut Fair Employment Practices Act ("CFEPA") provides, in relevant part:

(a) It shall be a discriminatory practice in violation of this section:

(1) For an employer, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's age...

(4) For any person or employer to discharge, expel or otherwise discriminate against any person because such person has opposed any discriminatory employment practice or because such person has filed a complaint or testified or assisted in any proceeding . . . .;

(5) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment

practice or to attempt to do so;

Both of these acts prohibit an employer from taking adverse employment actions against an employee because of his age, or because he has taken acts to oppose what he reasonably believes to be unlawful age discrimination.

## PROPOSED JURY INSTRUCTION NO. 18

As you know, Mr. Geter has brought a claim alleging that Defendant discriminated against him on the basis of his age. Under the Age Discrimination in Employment Act, an employer may not discriminate against an employee who is over the age of forty because of that employee's age. That means that, in most circumstances, an employer may not treat an employee over the age of forty differently because of the employee's age with respect to the terms and conditions of employment, such as hiring, transfer, promotion, reassignment, or discharge. The Connecticut Fair Employment Practices Act similarly prohibits an employer from discriminating against an employee because of that employee's age. That means that, in most circumstances, an employer may not treat an employee over the age of forty differently because of the employee's age with respect to the terms and conditions of employment, such as hiring, transfer, promotion, reassignment, or discharge.

As an initial matter, the Plaintiff in an age discrimination case is required to establish four things by a preponderance of the evidence; one, that he is over 40; two, that he was qualified for his job; three, that he was terminated, and four, that the termination occurred under circumstances giving rise to an inference of discrimination. I charge you that the Plaintiff has met this initial modest burden.

The Plaintiff having established these four things, it is then the Defendant's obligation to articulate, not prove, a legitimate, non-discriminatory reason or reasons for the termination. I charge you that the Defendant also has met this modest initial burden.

The Plaintiff and the Defendant have both met their threshold requirements. It is now up to you to decide a number of issues upon which I will now instruct you.

Employment Lit. Instr. §1.08[1], C.G.S. §46a-60.

## **PROPOSED JURY INSTRUCTION NO. 19**

Mr. Geter may prevail on his claim of age discrimination and/or on his claim of retaliation if he can demonstrate that the decision to reduce his hours, terminate him, or refuse to consider him for open positions for which he was qualified occurred under circumstances from which you may infer that either an age discriminatory motive or a retaliatory motive was a factor in Defendant's decision. With regard to the age discrimination claim, there is no dispute in this case that, Plaintiff was over 40 years old, that he was qualified for his position, and that he was terminated by GBAPP. Mr. Geter must show that his age was a motivating factor in Defendant's decisions. Age need not be the only reason, but merely a motivating factor. You should find for Mr. Geter if you find that a discriminatory or retaliatory reason more than likely motivated the employer's decisions, even if other factors may also have motivated Defendant. Mr. Geter "is not required to show that the employer's proffered reason is false, or played no role in the termination decision, but only that it was not the only reason and that the prohibited factor [age discrimination or retaliation] was at least one of the 'motivating' factors" for Defendant's decision to terminate Plaintiff.

As I indicated previously, an employee's age or retaliation may be one of a number of factors contributing to an employer's decision to terminate him. A plaintiff may meet his burden of showing that age was a motivating factor -- and may prevail on his claim of age discrimination -- if he shows that "but for" age, the adverse employment decision would not have happened -- that is, but for his age or retaliation, he would not have had his hours reduced or been terminated. Even if you conclude that Bridgeport Hospital legitimately and independently made the decisions to reduce and then eliminate its payments to GBAPP under the Medicaid Outreach position, that does not mean that Mr. Geter was not discriminated or retaliated against. Even during legitimate reorganizations, an employer may not dismiss an employee for an unlawful discriminatory reason.

Put another way, Plaintiff need not show that age was the only or even the principal factor in Defendant's decision to terminate him. It is enough to show that "the reason offered by [Defendant] was not the only reason and that the age of [Plaintiff] made a difference." "This is so even though [the reason offered by Defendant] was also as strong, and perhaps even more compelling reason." The same is true of retaliation. It need not be the only reason, merely a motivating factor. As to a meritorious reason that was actually considered, you must still decide whether that reason for termination constitutes a complete explanation, or whether even a genuine reason would not have led to termination if age were not also a factor. You must consider GBAPP's reason as of the time the decision to terminate Mr. Geter was actually made. Any proffered reason for the termination which might be meritorious, but not actually considered or relied upon at the

time, is a pretext.

If you find that Defendant's decisions to reduce Mr. Geter's hours, terminate his employment, and/or fail to transfer or rehire Mr. Geter were motivated at least in part by his age or in retaliation for his opposition to what he reasonably perceived to be discriminatory conduct, you may find for Plaintiff even if you conclude that Defendant was also motivated by legitimate non-discriminatory considerations. If you find that Defendant was motivated by such a "mixed-motive", the burden of proof shifts to the Defendant, who must prove by a preponderance of the evidence that the Plaintiff would have been the victim of the same adverse employment actions even if there were no discriminatory motivating factor.

I will not review the parties' respective evidence concerning Defendant's proffered explanation for decision to terminate Plaintiff, but I will provide you with certain principles of law for you which apply to your consideration of those explanations.

Defendant claims that Mr. Geter's hours were reduced and his employment terminated for legitimate non-discriminatory reasons, namely the reduction of funding and ultimate elimination of funding for the Medicaid Outreach position through Bridgeport Hospital. Defendant further claims that there was no suitable position available to transfer Mr. Geter, and that Mr. Geter never formally applied for other positions. I charge you that Mr. Geter is not required to show that each proffered reason is false, nor is he required to show that its opposite is true. It is his burden to prove that the proffered reason is not a complete explanation for the termination decision and that age was thus a causal factor in the termination. Notice that I said "a" causal factor, and not "the" causal factor in the termination decision. Mr. Geter is not required to show that age was the sole factor in GBAPP's decision – only that the factor of age made a difference.

With respect to Defendant's contention that it reduced Mr. Geter's hours and then terminated him as a result of the reduction and subsequent elimination of funding for the Medicaid Outreach position, you should consider any evidence that contradicts or supports the truthfulness of Defendant's proffered explanations.

Now, in considering whether Plaintiff has met his burden of proof, you need not focus solely on examining and rejecting Defendant's proffered explanation for terminating Plaintiff's employment. You may also find pretext or subterfuge sufficient to support a finding of discrimination from certain other types of indirect evidence. Of particular relevance to this case is evidence that other employees had their hours reduced or were terminated around the time they turned fifty. You may also consider statements made by Defendant's representatives which may indicate a discriminatory or retaliatory motivation. You may also consider the fact that younger employees were

hired or allowed to transfer to other positions both before and after Mr. Geter's termination. You may also consider evidence that Defendant failed to follow its seniority policy with regard to Mr. Geter. You may also consider that younger employees were hired immediately prior to and after Mr. Geter's s job was eliminated. You may also consider Mr. Geter's attempts to return to employment at GBAPP following his termination, and Defendant's response. Also of particular relevance to this case is evidence that the decision to terminate Mr. Geter was made at or about the same time that his internal grievance, in which Mr. Geter's age and those of his co-workers was discussed, was denied.

     Mr. Geter is not required to show that he was replaced by a younger person, or by a person under 40 or replaced at all. However, if you find that he was replaced by a younger person or that younger persons doing similar work were retained, then such circumstance does in and of itself raise an inference of discrimination. Mr. Geter further claims that he was not given the benefit of company policies and procedures applicable to his termination, such as an opportunity to exercise his seniority rights or transfer. If you find that to be the case, then that circumstance raises an inference of discrimination.

     If you find that Mr. Geter has proved by a preponderance of the evidence that his termination occurred under circumstances giving rise to an inference of discrimination, then you must go on to the next issue. If you find he has not so proved, you must find for the Defendant on the issue of liability.[1]

     I instruct you that if you find that Plaintiff's age was a motivating factor in Defendant's decision to reduce his hours, terminate his employment and not transfer or rehire him to available positions for which he was qualified, you may find for Plaintiff on his age discrimination claim.

     I also instruct you that if you find that Plaintiff has demonstrated, by a preponderance of the evidence, that he complained of age discrimination to GBAPP and that he was then discharged shortly thereafter for reasons that you don't believe are entirely credible, then you may find for Plaintiff on his age retaliation claim.

If you find that Mr. Geter's age or opposition to perceived discrimination was a motivating factor in the adverse employment actions he suffered, but that GBAPP would have taken those same adverse employment actions anyway, for some other reason or reasons, you should return a verdict for the plaintiff. However, if you so find, you need not consider the issue of damages.

---

[1] *Pena v. Brattleboro Retreat*, 702 F.2d 322, 324, 31 FEP 198, 31 EPD ¶33416 (2d Cir. 1983); *Grecco v. Spang & Co.*, 527 F.Supp. 978, 31 FEP 360 (W.D. Pa. 1981).

Price Waterhouse v. Hopkins, 490 U.S. 228, 260, 104 L. Ed. 2d 268, 109 S. Ct. 1775 (1989) Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1180 (2d Cir. 1992), Ostrowski v. Atlantic Mut. Ins. Cos., 968 F.2d 171, 181 (2d Cir. 1992). Desert Palace, Inc. v. Costa, 123, S.Ct. 2148 (2003).

PROPOSED JURY INSTRUCTION NO. 20.

If you find that Defendant could have retained Mr. Geter in some capacity notwithstanding the loss of funding from Bridgeport Hospital, and you find the reason it failed to do so was because of Mr. Geter's age or opposition to perceived discrimination, then you may find for Plaintiff. Similarly, if you find that Defendant chose to cast aside and mistreat a veteran employee, or refused to meaningfully consider him for other positions for which he was qualified and available, this may also support an inference of discrimination or retaliation.

Stratton v. Dept. for the Aging of the City of New York, 132 F.3d 869, 880 (2nd Cir. 1997).

PROPOSED JURY INSTRUCTION NO. 21

In order for the Plaintiff to be retaliated against by the Defendant for opposing discrimination, the Plaintiff only needs to have a reasonable, good faith belief that the employment practice in question had violated the Age Discrimination in Employment Act. The Plaintiff does not have to be correct in his belief that discrimination actually did occur.

Payne v. McLemore's Wholesale & Resale Stores, 654 F.2d 1130 (5th Cir. 1981)

PROPOSED JURY INSTRUCTION NO. 22.

If you find in favor of Plaintiff on his claim that Defendant discriminated against him on the basis of his age or for retaliatory reasons, you must return a verdict for Plaintiff, and you may award damages for that discrimination as I will instruct you. However, if you find that Defendant did not discriminate against Plaintiff on the basis of his age, or retaliate against him, there can be no violation of the law, and you must return a verdict for the Defendant.

Seman v. Coplay Cement Co., 26 F.3d 428 (3d Cir 1994).

PROPOSED JURY INSTRUCTION NO. 23.

    If the Plaintiff has proven his claims against Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I am giving instructions about damages as an indication of whether the Plaintiff should, or should not, win this case or recover damages. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that the Plaintiff is entitled to recover damages from Defendant.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions, Civil Cases, § 15.1 (1994) (hereinafter, "Fifth Circuit Instructions")

PROPOSED JURY INSTRUCTION NO. 24.

    I instruct you that the purpose of the Age Discrimination in Employment Act and Connecticut Fair Employment Practices Act is to make persons whole for injuries suffered as a result of unlawful employment discrimination or retaliation. If you find that Defendant discriminated against Plaintiff on the basis of his age, you then must determine Plaintiff's damages. Plaintiff has the burden of proving his damages by a preponderance of the evidence.

    If you find by a preponderance of the evidence that age was a determining factor in the discharge decision made with respect to Mr. Geter, then he is entitled to be restored to the economic position he would have been in were it not for the unlawful discrimination, except as I may further instruct you. Thus, in general, Plaintiff is entitled to the back pay, that is wages, including periodic raises, bonuses and increases he would ordinarily have received, and the value of benefits he would have reasonably and expectedly earned at GBAPP if he had remained in its employ, plus interest.

    Under the Act, a successful plaintiff may seek lost wages and benefits from the date of termination through the date of trial. This type of damages is known as "back pay." The amount of wages and benefits due is determined by calculating the amount that would have been earned by Plaintiff from the date of the adverse action to the date that you, the jury, return a verdict. Any interim earnings Plaintiff had during this period of time, which he would not otherwise have had, including wages, pension benefits, and any other interim earnings, are deducted from the amount of lost wages and benefits. With regard to Plaintiff's earnings from Catholic Family Services, there is evidence that Mr. Geter was employed by both Catholic Family Services and GBAPP for a number of

years prior to the acts complained of. You may therefore choose not to deduct these earnings from any backpay award if you find that Mr. Geter would have been employed by Catholic Family Services and earning the same income even if he had not been terminated by GBAPP. You may deduct any earnings that you feel Mr. Geter would not have earned had his employment with GBAPP continued.

Raimondo v. AMAX, Inc., 843 F. Supp. 806 (D. Conn. 1994), aff'd w/o op., 48 F.3d 1214 (2d Cir. 1994); Sand Instr. 77-7, 88-38.

PROPOSED JURY INSTRUCTION NO. 25

You may also award the Plaintiff prospective damages or front pay. Such front pay represents an amount of pay that you find that Plaintiff would have earned from the date of your verdict going forward into the future were it not for Defendant's discriminatory action. Plaintiff claims that, if he had not been terminated, he would have continued working until he reached the age of 65 and then he would have retired. Therefore, he is seeking front pay to compensate him for the loss of wages and benefits that he would have earned had he stayed employed with Defendant until he reached the age of 65. You may find, absent evidence to the contrary, that Mr. Geter would have continued working for GBAPP until he reached retirement at age 65.

You should award such front pay if you find that such an award is appropriate to effectuate the purpose of the ADEA statute -- namely to promote the employment of older persons based on their ability rather than their age, to prohibit arbitrary age discrimination in employment and to fashion whatever remedy is required to fully compensate an employee for any economic injury sustained as a result of such discrimination.
Padilla v. Metro-North Commuter R.R., 92 F.3d 117, 125 (2d Cir. 1996) citing Ford Motor Co., 458 U.S. 219 (1982). E'ment Lit. Instr., §1.07[2]; Sand ¶88.02, Instr. 88-41; Whittlesey v. Union Carbide Corp., 742 F. 2d 724 (2d Cir. 1984).

PROPOSED JURY INSTRUCTION NO. 26

There is another element of damages of which you must also be aware: liquidated damages. I will now describe the legal principles governing an award of liquidated damages.

If you find that Defendant's violation of the ADEA was "willful," you must award the Plaintiff liquidated damages (or double damages) -- that is, an amount equal to the wages and benefits that you find Plaintiff has lost until the date of trial. Upon a finding

by you that Defendant acted "willfully," liquidated damages must be awarded to the Plaintiff in addition to the damages to compensate him for lost wages and benefits.

The Defendant acted willfully if it deliberately, intentionally, and knowingly reduced Plaintiff's hours, terminated Plaintiff's employment, or failed to transfer or rehire Plaintiff because of his age or for retaliatory reasons due to his opposition to age discrimination and if it knew that such termination was unlawful or showed reckless disregard of whether such conduct was unlawful or not.

I caution you that the Plaintiff need not prove that Defendant specifically intended to violate the ADEA. The Plaintiff need only establish that Defendant was aware that its conduct was governed by the ADEA and knew, or showed reckless disregard for whether, its conduct was in violation of the ADEA.    You may consider statements made, acts done or omitted, and all facts and circumstances that show whether Defendant acted intentionally or with reckless disregard.

Sand ¶ 88.02, Instr. 88-39; E'ment Lit. Instr., §1.08[10][c]; Haskell v. Kaman Corp., 743 F.2d 113, 122 (2d Cir. 1984).


PROPOSED JURY INSTRUCTION NO. 27

You may also award the Plaintiff damages to compensate him for any emotional distress or pain and suffering you find that he suffered as a result of Defendant's unlawful conduct.

C.G.S. §46a-104

PROPOSED JURY INSTRUCTION NO. 28

Finally, you may also award punitive damages if you find that Mr. Geter was the victim of age discrimination or retaliation. Unlike the types of damages I described earlier, punitive damages are not designed to compensate Plaintiff but to punish Defendant for its misconduct and to discourage it from engaging in similar behavior in the future.

C.G.S. §46a-104


PROPOSED JURY INSTRUCTION NO. 29

Plaintiff also claims that Defendant violated the Employee Retirement Income

Security Act ("ERISA") by reducing his hours and then terminating him in order to make him no longer eligible for health insurance and other employee benefits. Section 510 of ERISA, 29 U.S. C.A. §1140 (West 1985), provides in relevant part as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C.A. §301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act . . . The provisions of section 1132 of this title shall be applicable to the enforcement of this section.

Section 510 was designed *primarily* to prevent 'unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights. Specifically, it is unlawful under § 510 to discharge, fire, suspend, expel, discipline or discriminate against a participant or beneficiary for the purpose of interfering with the attainment of any rights under ERISA to which the participant may become entitled.
    It is not enough to support an ERISA claim that Mr. Geter's loss of benefits was a mere consequence of, but not a motivating factor behind, his reduction in hours or termination of employment. That is, if Defendant made the decision to reduce Mr. Geter's hours or terminate his employment without regard to the impact it would have on his right to continue to receive employer-paid health insurance benefits, you should find for Defendant. If you find that rendering Mr. Geter ineligible for continued benefits was a motivating factor in the decision to reduce Mr. Geter's hours to 20 per week or terminate his employment, you should find for Plaintiff. As I previously instructed you with regard to Mr. Geter's age discrimination claims, Plaintiff is not required to show that interference with ERISA rights was the sole reason for his reduction in hours or discharge, but need be only "a motivating factor behind those decisions.

Dister v. Continental Group, Inc., 859 F.2d 1108 (2d Cir. 1988); West v. Butler, 621 F.2d 240, 245 (6th Cir. 1980); Montesano v. Xerox Corp. Retirement Income Guarantee Plan, 117 F.Supp.3d 147 (D.Conn. 2000).


PROPOSED JURY INSTRUCTION NO. 30

    If you find that Defendant reduced Mr. Geter's hours or discharged him for the purpose of depriving him of continued participation in a company-provided group health

plan, you should then consider the issue of damages. In such a case, Plaintiff would be entitled to back pay, front pay or reinstatement, restitution of forfeited benefits, as well as emotional distress damages necessary to make Plaintiff whole. The same principals I described earlier with regard to these elements of damages in discussing Plaintiff's age discrimination claims apply to Mr. Geter's claimed ERISA violation.

29 USCS sec. 1132(a)(1)(B); Vicinanzo v. Brunschwig & Fils, Inc., 739 F. Supp. 882 (S.D.N.Y. 1990), and Weber v. Jacobs Mfg. Co., 751 F. Supp. 21 (D. Conn. 1990).

THE PLAINTIFF

BY_____
Francis D. Burke
Mangines & Burke, LLC
1115 Main Street, Suite 708
Bridgeport, CT 06604
(203) 336-0887
Fed Bar CT 18688