UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARRY GETER | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:02CV 540 (RNC) |
| V. | : | |
| GREATER BRIDGEPORT ADOLESCENT PREGNANCY PROGRAM, | : | |
| Defendant | : | FEBRUARY 4, 2005 |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**I.   INTRODUCTORY AND GENERAL INSTRUCTIONS**

### INSTRUCTION # 1

### ROLE OF THE COURT AND JURY

Ladies and gentlemen of the jury, let me begin by outlining your responsibilities in this case as well as mine. It is my duty to tell you what the relevant law is, and it is your responsibility to find the facts. When I tell you what the law is, what I tell you is binding on you, and to the extent that what I say differs from what counsel might have said during their arguments, you are to apply the law as I have stated it and you are to disregard any statements of counsel to the contrary.

It is my duty, therefore, to state the rules of law relevant to the various claims made by the parties. You will then take the rules that I have given to you and apply them to whatever you find to be the facts and from that you will reach your ultimate verdict.

- 1 -

However, in explaining the law to you, I also have the duty to point out to you the legal effects of certain facts or evidence and I might also suggest to you certain considerations which you should bear in mind when considering the evidence, and you must carefully consider what I say to you. I also have the right to comment on the weight or significance of certain pieces of evidence, or to comment on the inferences you may draw from those facts you find proven; but where I undertake to make comments of this nature, they are merely suggestions that you may take or discard as you see fit in exercising your sound judgment. Any reference I make to the facts of this case is solely for the purpose of making clear to you how the law is to be applied in this particular case. If, during the course of these instructions to you, I refer to certain evidence or certain facts in the case but not others, you are not to assume that by doing so I meant to particularly emphasize those facts or pieces of evidence or that I intend to limit your consideration of them, as opposed to those to which I do not refer. If I overlook any evidence in the case, you must apply it from your recollections; if I incorrectly state any evidence, you will correct my error. For, after all, it is your function and your duty to weigh the evidence offered, to make the proper deductions or inference from the evidence, and determine the facts. Therefore, what counsel has said to you, and what I say to you or have said to counsel, except as I have already pointed out, is only entitled to whatever weight you give it in your own minds.

In this case, before the plaintiff is entitled to recover any money from the Greater Bridgeport Adolescent Pregnancy Program (for convenience hereinafter

referred to as the "Program"), he is required to prove, in accordance with the legal principals that I shall explain to you shortly, that the Program had a legal obligation to him that it failed to fulfill. It is my function to tell you what rules of law are applicable to the evidence in this case, and it is your duty to accept and follow those rules as I give them to you. Insofar, as the attorneys have referred to any rules of law during the course of their arguments to you, you are to regard such references only to the extent that they are consistent with the rules of law as I shall give them to you.

On the other hand, the determination of the facts in the case is entirely and exclusively for the jury to decide, and nothing that any of the lawyers have said about the facts or that I may say about them is in any way binding on you, because together you are the sole judges of the facts.

Finally, as I give these instructions to you, some of you may feel that I am indicating a preference for one party or the other. I may mention the plaintiff or the Program more frequently, and some of you may feel that I may want you to return a verdict for one party or the other. I assure you that I am neutral and that I have no preference. It is your duty, not mine, to decide this case, and nothing I say, nor how I say it, should be taken as any indication as to any preference whatsoever.

**Authority:**   Maltbie, Connecticut Appellate Procedure, 2d ed., § § 71 & 191; Muirhead, Admix. v. State of Connecticut, No. 101025, Superior Court, New Haven, December 6, 1964; Wright & Ankerman, Connecticut Jury Instructions, § 12 (4th ed. 1993).

# INSTRUCTION # 2

## RENDERING A JUST VERDICT

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of this Court, just as it would also be a violation of your sworn duty, as judges of the fact, to base a verdict upon anything other than the evidence in this case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor or public opinion as to any party. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by this Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in this Court of justice.

**Authority:** Pattern Jury Instructions, Civil Cases, U.S. 5th Cir., District Judges Association, at 4.

other, there would be no fair preponderance of the evidence as to that fact or issue, and hence that fact or issue has not been proved. It cannot be based on speculations, unsupported conclusions, or assumptions based on stereotypes instead of evidence.

The plaintiff, if he is to prevail, must do so based on the strength of his own case. He cannot prevail by reason of the weakness of the Program's case. The burden of proof in this proceeding is upon the plaintiff to prove the material allegations of the complaint by a fair preponderance of the evidence.

Now keep in mind that, when assessing whether the plaintiff has proved a fact beyond a preponderance of the evidence, you must also realize that the plaintiff carries the burden of proving that the Program: (1) acted inappropriately and (2) caused the injuries the plaintiff claims he sustained. Moreover, if you should find that the plaintiff, upon any point has failed to sustain the burden of proof, as I have just described to you, then such point or points must be decided in favor of the Program even though the Program failed to produce any evidence in contradiction or the Program's evidence in this respect was weak or uncertain.

**Authority:** Thaw v. Fairfield, 132 Conn. 173 (1945); Verdi v. Donahue, 91 Conn. 448 (1917); City Bank Appeal From Commissioners, 54 Conn. 269 (1886); Brody v. Connecticut Co., 87 Conn. 363 (1913); Brodie v. Connecticut Co., 87 Conn. 363, 364 (1913); Braithwait v. Lee, 125 Conn. 10, 14 (1938); State v. Davis, 29 Conn. App. 801, 814 (1993)(Freedman, J., dissenting); State v. Warren, 169 Conn. 207, 213 (1975); Donovan v. Connecticut Co., 84 Conn. 531, 534 (1911). Wright & Ankerman, Connecticut Jury Instructions (4th Ed.), § § 12 & 15, and 345; Cruz v. Drezek, 175 Conn. 230, 236 (1978); Bates v. Caroll, 99 Conn. 677, 679 (1923); See also 3 Leonard B. Sand et al., Modern Federal Jury Instructions, ¶ 75.01 at 75-77; 3 Edward J. Devitt et al.; Federal Jury Practice and Instructions, § 72.01 at 31-32.

## INSTRUCTION # 4

## **THE EVIDENCE**

In fulfilling your duty you must decide the case on the evidence. Now let me explain to you what I mean by "evidence."

Evidence is the sworn testimony of the witnesses as well as documents and other exhibits received in evidence. Judicially noticed facts, which are facts that I find and give to you even though neither party proved them, are also evidence. Evidence also consists of the stipulations which have been entered into between the lawyers and have been received in evidence by the Court. While you were hearing evidence, you were told that both parties agreed or stipulated to certain facts. There is no need for evidence by either side on those points. You must accept those facts, even though nothing more was said about them, one way or the other.

Arguments, statements and remarks of the attorneys are intended to help you in understanding the evidence and applying the law. However, they are not evidence. If any argument, statement or remark of one of the attorneys has no basis in evidence, then you should disregard that particular statement or remark.

In addition, a lawyer's question is not evidence. It is the witness' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence on the record proving that assumed fact to be true, then you may not consider it to be true simply

- 7 -

because it was contained in a lawyer's question. For example, consider the lawyer's question of a witness: "Do you still walk to work?" You would not be permitted to consider as true the assumed fact that the witness ever walked to work unless the witness agreed to the statement or there was direct evidence in the record proving that the witness walked to work.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded. Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given and only use that evidence for that purpose. You must disregard the evidence in deciding other issues.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the Court. To constitute evidence, exhibits must be received in evidence by the Court. Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

**Authority:**

United States v. Houston, 547 F.2d 104, 107 (9th Cir.1976); United States v. Mikaelian, 168 F.3d 380, 389 (9th Cir.), opinion amended, 180 F.3d 1091 (9th Cir.1999); Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp., 571 F.2d 1144, 1155 (10th Cir.), cert. denied, 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978); United States v. Melina, 101 F.3d 567, 572 (8th Cir.1996); Shapleigh v. Mier, 299 U.S. 468, 475, 57 S.Ct. 261, 264, 81 L.Ed. 355 (1937); United States v. 564.54 Acres of Land, 576 F.2d 983 (3d Cir.1978), rev'd on other grounds, 441 U.S. 506, 99 S.Ct. 1854, 60 L.Ed.2d 435 (1979); Curtis v. Rives, 123 F.2d 936, 941 (D.C.Cir.1941).

## INSTRUCTION # 5

### OBJECTIONS

At various times throughout the trial, counsel for both parties have made various objections to questions asked of witnesses. You should have no resentment toward any of the attorneys, or their clients, who raised such objections. In the interest of justice and in their duty to represent their respective clients, they were fully entitled to raise these objections when they believed they were warranted.

**Authority:**    Wright & Ankerman, Connecticut Jury Instructions, § 16 (4th ed.).

# INSTRUCTION # 6

## **CREDIBILITY OF WITNESSES**

The credibility of witnesses and the weight to be given to their testimony are matters for you as jurors to determine. However, there are some principles that you should keep in mind. In weighing the testimony of each witness you should consider their appearance on the stand and whether the witness has an interest of whatever sort in the outcome of the trial. You should consider the opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you by your own knowledge of human nature and the motives that influence and control human actions. You may consider the reasonableness of what the witness says. You may believe all of what a witness tells you, some of what a witness tells you, or none of what a particular witness tells you. In short, you are to apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and veracity in your daily life.

**Authority**: Douglas Wright and William Ankerman; Connecticut Jury Instruction, § 15 at 26-28 and § 644(b), at 1020; Raia v. Topehisu, 165 Conn. 231, 234-35, 332 A.2d 93 (1973); Willimetz v. Guida-Seibert Dairy Co., 157 Conn. 295, 254 A.2d 473 (1968); Gates v. Crane Co., 107 Conn. 201, 139 A. 782 (1928).

You should bear in mind that inconsistencies and contradictions within a witness' testimony or between that testimony and other evidence do not necessarily mean that the witness is lying. Failures of memory may be the reason for some inconsistencies and contradictions; also, it is not uncommon for two people to witness the same event, yet perceive or recall things differently. Yet, if you find that a witness has testified falsely as to an issue, you should of

course take that into account in assessing the credibility of the remainder of the witnesses testimony.

**Authority:** Connecticut Civil Jury Instructions, No.1-40 (2002).

The plaintiff testified as a witness in this trial. You must judge his credibility as you would any witness, using the guidelines I suggested, but you are also entitled to consider in assessing credibility whether a witness has an interest, financial or otherwise, in the outcome of the trial. Garry Geter has an interest in the outcome of the trial. As you know, he is seeking money damages in this action. You have the right to consider this in weighing his testimony and you should ask yourselves whether this interest affected the testimony of Garry Geter.

**Authority:** State v. Holley, 174 Conn. 22, 28 (1977); Dubuque v. Coman, 164 Conn. 475, 479 (1984); Wright & Ankerman, Connecticut Jury Instructions, (4th ed.) § 641; 81 Am. Jur. 2d. Witnesses § 667.

## INSTRUCTION # 7

## **SPECULATION**

In weighing the evidence, you are allowed to draw logical inferences from facts that you find to have been provided; but you may not go outside of the evidence to find the facts, nor to resort to guesswork or conjecture.

While you may make deductions and draw conclusions from proven acts, you may not draw inferences from other inferences. Likewise, you should be careful to avoid resorting to speculation, conjecture or guesswork to determine critical facts in this case. Remember, it is the plaintiff's ultimate burden to prove facts that support his case. The conclusions cannot be supported by speculation or possibility.

**Authority**: Meade v. Warehouse Transport, Inc., 165 Conn. 553 (1973); Toomey v. Danaher, 161 Conn. 204 (1971)

# INSTRUCTION # 8

## SYMPATHY, PREJUDICE

Your verdict must be based absolutely and solely upon the evidence here given you on the trial of the case. You should not be swayed or influenced by any sympathy or prejudice for or against any of the parties. You should not be influenced by any claims or comments of counsel which are not warranted by the evidence, but should decide the case upon the evidence presented before you at this trial with due regard to the law as stated by the court, as applied to the facts which you find to be established by the evidence. In this case, as in any injury case, an appeal is naturally made to your sympathy. Members of the plaintiff's family or other friends of plaintiff may have appeared here in court, but you should bear in mind that the issue which is to be determined by you should be decided on its merits, and that elements of bias or prejudice or sympathy should not enter into your discussions or your deliberations.

The parties to this action are entitled to have a calm, careful, and conscientious appraisal of the issues committed to you, and this calm, careful, and conscientious deliberation should be reflected in your verdict. You should not be influenced unnecessarily by any claims or comments of counsel which are not corroborated by the evidence. You should decide the case upon the evidence presented before you at this trial with due regard to the law as I have given it to you.

Finally, sympathy, bias or prejudice, for or against either party, should not have the slightest influence upon you in reaching your verdict.

- 13 -

I am sure you will live up to your oath regarding the exclusion of any of these considerations. We are living in an enlightened world, and you can surely comprehend the inequities and injustices that may arise when bias, prejudice or sympathetic feelings enter into your deliberations.

Cases in courts of justice should be decided upon the law and the evidence, and upon nothing else; otherwise courts would not be courts of justice.

**Authority:** Wright, Conn. Jury Instructions § 312

# INSTRUCTION # 9

## INCONSISTENT STATEMENTS

A type of evidence that is present is this case, about which I think I should say something, is the introduction of inconsistent statements. In the case of a witness who is not a party to an action, that is, which is neither a plaintiff or a defendant, evidence of statements made out of court, whether written or oral, inconsistent with his or her testimony on the stand, is admitted, not to prove the truth of the facts contained in any such statements so made out of court, but as evidence of conduct inconsistent with his testimony on the stand. You should consider this evidence, therefore, like any other evidence of inconsistent conduct in determining the weight to be given to the testimony of such witness as given by him on the stand.

**Authority:** Wright & Ankerman, Conn. Jury Instructions, § 316 (4th ed. 1993); G &R Tire Distributors, Inc. v. Allstate Ins. Co., 177 Conn. 58 (1979); Tait & LaPlante, Handbook of Conn. Evidence § 7.24; Holden & Daly, Conn. Evidence § 125d.