**INSTRUCTION # 10**

**CORPORATION AS A PARTY**

You have heard that one of the parties in this lawsuit is a person and another is a non-profit corporation, Greater Bridgeport Adolescent Pregnancy Program. A corporation is an entity created by the law. All parties are equal before the law.

The mere fact that one of the parties is a natural person and another is a creation of the law should not play any part in your deliberations. Rather, you must assess the claims and defense of all parties without regard to their status and treat all parties in an equal and unbiased fashion.

**Authority:** Connecticut Civil Jury Instructions, No. 1-43 (2002) (available online at http://www.jud.state.ct.us/CivilJury/1-43.htm).

- 16 -

## INSTRUCTION # 11

## STATUTE OF LIMITATIONS DEFENSE

In this case, the Program has asserted as a defense that the statute of limitations bars (or prohibits) some of the plaintiff's claims. A statute of limitations is a law that provides that a suit is barred (or prohibited) if a plaintiff does not bring it within a prescribed period of time after the act or acts forming the basis of his lawsuit. The time period within which the suit must be brought begins when the plaintiff first knew, or by the exercise of reasonable care, should have known that the Program engaged in the act or acts which he now claims amounts to discrimination against him on the basis of his age.

The plaintiff has brought one of his claims under the Connecticut Fair Employment Practices Act. The applicable statute of limitations period for this law is 180 days. To bring a lawsuit under this statute, the plaintiff must have therefore commenced his claim against the Program within 180 days after he knew, or reasonably should have known, that an act of discrimination occurred. The plaintiff has brought other claims under the Age Discrimination in Employment Act. The applicable statute of limitations for these claims is 300 days. To bring a lawsuit under this statute, the plaintiff must have therefore commenced his claim against the Program within 300 days after he knew, or reasonably should have known, that an act of discrimination occurred. For purposes of commencing a lawsuit, the plaintiff must prove that he filed a claim with the appropriate state or federal administrative agency charged with investigating and enforcing the laws stated above. The Program claims that

- 17 -

some of the plaintiff's claims in this lawsuit are barred here because the plaintiff

knew, or by the exercise of reasonable care should have known, more than 180

days or 300 days before bringing this suit that the Program engaged in the act or

acts which he now claims amounts to discrimination against him on the basis of

his age, but failed to commence an action against the Program within the 180 or

300 day time frame required.

   The Program has the burden of proving the statute of limitations defense.

In other words, the Program must prove by a preponderance of the evidence

that the plaintiff did not commence this lawsuit against the Program within the

applicable time period.

**Authority:** Fed.R.Civ.P. 8(c); Harris v. Dept. of Veterans Affairs, 126 F.3d 339
(D.C.Cir.1997); Venters v. City of Delphi, 123 F.3d 956 (7th Cir.1997); Zotos v.
Lindbergh Sch. Dist., 121 F.3d 356 (8th Cir.1997); United States v. McGee, 993
F.2d 184 (9th Cir.1993); Voohries-Larson v. Cessna Aircraft Co., 241 F.3d 707,
719 (9th Cir.2001).

## II.    SPECIFIC INSTRUCTIONS ON PLAINTIFF'S CLAIMS

### INSTRUCTION # 12

### <u>AGE DISCRIMINATION GENERALLY</u>

In this case, the plaintiff has brought a claim alleging that the Program has

against him on the basis of his age.  Under federal law known as the Age

Discrimination in Employment Act, an employer may not discriminate against any

employee because of that employee's age, when the employee's age is forty

years of age or over.  Connecticut has a similar law, known as the Connecticut

Fair Employment Practice Act, which prohibits discrimination against any

employee on the basis of that employee's age.  The Connecticut law is different

from the federal in that it also protects employees under the age of forty.

However, that difference is not material to this case.

Based on both of these laws, in most circumstances an employer may not

treat an employee over the age of forty differently because of the employee's age

with respect to the terms and conditions of employment, such as hiring, transfer,

promotion, or discharge. Neither Connecticut nor federal law requires an

employer to give special treatment to employees who are over the age of forty.

Rather, the age of an employee is accorded neutral status.  These laws do not

make it unlawful to terminate or make any other personnel decision with respect

to an employee who is over the age of forty, so long as the employee's age was

not the reason for the decision.

In the context of this matter, the plaintiff claims that the Program

discriminated against the plaintiff in violation of both the Connecticut and federal

age discrimination laws by reducing his hours and later by terminating his employment because of plaintiff's age.

The Program denies these charges and contends that the reduction in the plaintiff's hours of work and subsequent termination of his employment were both the result of a legitimate, nondiscriminatory reason. Specifically, the Program contends that both actions occurred as a result of a loss of grant funding from Bridgeport Hospital.

**Authority:** 29 U.S.C.A. § 623; Conn. Gen. Stat. § 46a-60; <u>Reeves v. Sanderson</u>, 530 U.S. 133, 140-42, 120 S.Ct. 2097, 2105-06, 147 L.Ed.2d 105 (2000); <u>O'Connor v. Consolidated Coin Caterers Corp.</u>, 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996).

## INSTRUCTION # 13

## <u>AGE DISCRIMINATION - ESSENTIAL ELEMENTS</u>

The plaintiff claims that the Program discriminated against him by reducing his hours of work and subsequently discharging him because of his age.  Specifically, the plaintiff claims that on or about October 20, 2000, the Program reduced the plaintiff's hours from full-time to 25 per week, and then on March 30, 2001, terminated his employment.

The Program denies that either of these acts was taken because of the plaintiff's age.  The Program contends that instead, these actions both occurred as a result of the discontinuation of grant funding from Bridgeport Hospital, which it further contends, was the sole source of funding for the plaintiff's position. Because of the Program's status as a non-profit organization, fully dependant on grant and other outside funding, this lack of funding necessitated the elimination of the plaintiff's position, which in turn resulted in the plaintiff's termination.

It is unlawful for an employer to discriminate against, including to reduce work hours or discharge from employment, an employee between the ages of forty and seventy because of that employee's age.

To prevail on his claim of age discrimination, the plaintiff must prove by a preponderance of the evidence each of the following essential elements:

1.  That he was between the ages of forty (40) and seventy (70);

2.  That he was subjected to an adverse employment action by the Program, and

- 21 -

3.  That the Program would not have taken such action, but for the

plaintiff's age.

Age may be one of a number of factors that motivates an employer's

decision.  The plaintiff is entitled to prevail only if he proves that his age was a

substantial factor in the Program's decision to reduce his hours or terminate his

employment. You may find that age was a substantial factor in the Program's

decision to reduce his hours or terminate his employment if you find that, but for

the plaintiff's age, the Program would not have taken those actions.  In other

words, the plaintiff's age must have actually played a role in the Program's

decision-making process and been a determinative factor on the outcome.

**Authority:** 29 U.S.C.A. § 623; Conn. Gen. Stat. § 46a-60; <u>Reeves v. Sanderson</u>, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); <u>O'Connor v. Consolidated Coin Caterers Corp.</u>, 517 U.S. 308, 308, 116 S.Ct. 1307, 1308, 134 L.Ed.2d 433 (1996); <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 610, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993); <u>Owen v. Thermatool Corp.</u>, 155 F.3d 137 (2d Cir.1998).

- 22 -

## INSTRUCTION # 14

## RETALIATION - ESSENTIAL ELEMENTS

The plaintiff also claims that the Program discriminated against him because the plaintiff opposed a practice made unlawful by the Age Discrimination in Employment Act. To prevail on this claim, the plaintiff must prove by a preponderance of the evidence each of the following essential elements:

1. The plaintiff engaged in conduct protected by the ADEA;

2. The plaintiff was subjected to an adverse employment action at the time, or within a reasonable time after, the protected conduct took place; and

3. The Program took an adverse employment action against the plaintiff because of the plaintiff engaged in the protected conduct.

For purposes of determining whether the plaintiff has engaged in protected conduct protected by the ADEA, an individual can be said to have engaged in protected activity if he has opposed any practice made unlawful by this section or has participated in any manner in an investigation, proceeding, or litigation under this chapter. To prevail on this claim, the plaintiff must prove by a preponderance of the evidence that the Program made the decision to reduce the plaintiff's hours of work or to terminate the plaintiff's employment because the plaintiff engaged in such protected activity.

**Authority:** 29 U.S.C.A. § 623; Conn. Gen. Stat. § 46a-60; <u>Padilla v. Metro-North Commuter R.R.</u>, 92 F.3d 117, 122 (2d Cir.1996); <u>Holt v. JTM Industries, Inc.</u>, 89 F.3d 1224, 1225 (5th Cir.1996), <u>cert. denied</u>, 520 U.S. 1229, 117 S.Ct. 1821, 137 L.Ed.2d 1029 (1997). <u>EEOC v. Cosmair, Inc.</u>, 821 F.2d 1085, 1088-89 (5th

Cir.1987); <u>Passer v. American Chemical Society</u>, 935 F.2d 322, 330-31
(D.C.Cir.1991).

## INSTRUCTION # 15

## <u>DEFENSE - REASONABLE FACTOR OTHER THAN AGE<br>OR PROTECTED ACTIVITY</u>

The Program contends that its personnel decisions regarding the plaintiff were not based on age and/or protected activity, and instead, that they were based on some other reasonable factor. Specifically and as mentioned earlier, the Program contends that the discontinuation of grant funding from Bridgeport Hospital, which subsidized the plaintiff's position, necessitated the elimination of the plaintiff's position, which in turn resulted in the plaintiff's termination. To satisfy its burden in establishing this defense, the Program has only to articulate a legitimate, nondiscriminatory reason for its actions. The Program does not have to persuade you of this fact by a preponderance of the evidence. Instead, the Program is required only to produce enough evidence in dispute of plaintiff's claim to create a genuine issue of fact in your mind.

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as those decisions were not unlawfully based on upon the plaintiff's age or protected activity.

In determining whether the Program's stated reason for its actions was false, or a pretext for discrimination, you may not question the Program's business judgment. Pretext, is not established just because you personally disagree with the business judgment employed by the Program, unless you find specifically that the Program's reason was a pretext for discrimination.

**Authority:**  29 U.S.C.A. § 623; <u>Reeves v. Sanderson</u>, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); <u>Iervolino v. Delta Air Lines</u>, 796 F.2d 1408, 1416 (11th Cir.1986), <u>cert. denied</u>, 479 U.S. 1090, 107 S.Ct. 1300, 94 L.Ed.2d 155 (1987); <u>Stanojev v. Ebasco Services, Inc.</u>, 643 F.2d 914, 921 (2d Cir.1981); <u>Furnco Construction Corp. v. Waters</u>, 438 U.S. 567, 578, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978); <u>Montana v. First Fed. Savings & Loan Ass'n</u>, 869 F.2d 100, 106 (2d Cir.1989); <u>McCoy v. WGN Continental Broadcasting Co.</u>, 957 F.2d 368, 373-74 (7th Cir.1992).

## INSTRUCTION # 16

## AGE OR PROTECTED ACTIVITY MUST BE A DETERMINING FACTOR

In this case, the plaintiff must prove by a preponderance of the evidence that his age or protected activity was a determining factor in the Program's decision reduce his hours or work, and later to terminate the plaintiff. This means that the evidence must show that, but for the plaintiff's age or protected activity, the Program would not have made those personnel decisions. The phrase, "determining factor," does not mean that it was the only motivation for the Program's personnel decisions. However, it must have been a factor that actually made a difference in the decision.

You must also consider any legitimate, nondiscriminatory reason or explanation stated by the Program for its decision. If you determine that the Program has stated such a reason, then you must decide in favor of the Program unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is instead only a pretext for discriminating against the plaintiff because of his age or protected activity.

**Authority:** Reeves v. Sanderson, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993).

**INSTRUCTION # 17**

**PRETEXT**

To satisfy the burden of persuasion on both his age discrimination and retaliation claims, the plaintiff must prove by a preponderance of the evidence that the legitimate, nondiscriminatory reason stated by the Program was not its true reason for reducing the plaintiff's hours and terminating his employment, but instead were merely a pretext for discrimination. In other words, the plaintiff may attempt to establish that he was the victim of intentional discrimination or retaliation by proving that the employer's proffered explanation is unworthy of credence. If you disbelieve the reasons put forward by the Program (particularly if disbelief is accompanied by a suspicion of deception) you are permitted, but not required, to infer that the ultimate reason for the personnel action was intentional discrimination. Keep in mind that the ultimate question is whether the Program intentionally discriminated against the plaintiff. Proof that the Program's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason is correct. It is not enough to disbelieve the Program, you must also believe the plaintiff's explanation that intentional discrimination was the reason for the actions taken.

The dispositive fact, which you must decide, is whether the plaintiff has proven by a preponderance of the evidence that plaintiff's age and/or protected activity, was the determining factor in the Program's decision to reduce his hours of work or terminate his employment.

**Authority:**  ; Reeves v. Sanderson, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); Cabrera v. Jakabovitz, 24 F.3d 372, 382 (2d Cir.), cert. denied, 513

U.S. 876, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994); <u>Smith v. Borough of Wilkinsburg</u>, 147 F.3d 272, 278-79 (3d Cir.1998); <u>Townsend v. Lumbermens Mut. Cas. Co.</u>, 294 F.3d 1232, 1237-38 (10th Cir.2002).

## INSTRUCTION # 18

### CAUSATION

The ultimate burden of persuading the jury that the Program intentionally discriminated and/or intentionally retaliated against the plaintiff remains at all times with the plaintiff.  To prevail on each of his claims, the plaintiff has the burden of proving each and every element on each of his claims by a preponderance of the evidence.  If you find that the plaintiff has not proved any one of the elements of one of his claims by a preponderance of the evidence, you must return a verdict for the Program as to that claim for which the plaintiff has not proven one or more element.

**Authority:** Reeves v. Sanderson, 530 U.S. 133, 142, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

- 30 -

## III.    DAMAGES

### INSTRUCTION # 19

### COMPENSATORY DAMAGES – BACK WAGES

If you find that the plaintiff has proven all the elements of his claims, you must find in his favor and determine the plaintiff's damages, if any. Like the other elements of his case, the plaintiff has the burden of proving damages by the preponderance of the evidence. Damages means, the amount of money which reasonably and fairly compensates the plaintiff for any loss of wages and/or benefits you find was caused by the discriminatory acts of the Program. You are to award the plaintiff an amount equal to the wages that he would have received from the Program, but for its personnel actions, up until the date of trial.

To determine the plaintiff's damages, if any, you are to compute back wages and benefits the plaintiff would have received from the date the Program reduced his hours and/or terminated his employment, as the case may be depending on your verdict, up until the date of trial, minus any income received by the plaintiff in the interim from other employment, severance pay, pension pay, and unemployment compensation benefits. If the Program has proven by a preponderance of the evidence that the plaintiff unjustifiably failed to accept a new job of like kind, status and pay which was available to the plaintiff, or failed to make reasonable efforts to find a new job, you should also subtract from these damages any amount the plaintiff could have earned in a new job after discharge.

**Authority:**  29 U.S.C.A. § 626; Commissioner v. Schleier, 515 U.S. 323, 325-26, 115 S.Ct. 2159, 2162, 132 L.Ed.2d 294 (1995); Banks v. Travelers Cos., 180 F.3d 358, 363-64 (2d Cir.1999); Dunlap-McCuller v. Riese Org., 980 F.2d 153, 159 (2d Cir.1992) cert. denied, 510 U.S. 908, 114 S.Ct. 290, 126 L.Ed.2d 239 (1993).